## J. N. Cole et al. v. J. J. Adams, Receiver.

Decided November 15, 1898.

1. **Corporation—Transfer of Stock—Liability of Stockholder.**

A stockholder who transfers his stock in good faith, with no intention to defraud, while the corporation is solvent, and has the transfer entered upon the books of the corporation, is not ordinarily liable either to the corporation or its creditors, for unpaid subscriptions on the stock.

2. **Same—Right of Promoters to Paid Up Stock.**

The relation of corporators to the corporation in respect to its capital stock is not different from that of the subscribers to the stock, and stock can be issued to neither except for money paid, property conveyed or sold to the corporation, or labor done for it, and the stock which is unsold is to be held as security for the creditors.

3. **Same—Issuance of Stock.**

An enhancement of the value of the property of a corporation does not authorize an additional issue of stock to either corporators or subscribers for the stock.

4. **Same—Valuing Property Conveyed for Stock.**

Property conveyed to a corporation in payment of subscriptions to stock is not, as to creditors without notice, to be considered as a payment except to the extent of its money or actual value, whether the overvaluation was fraudulent or not.

5. **Same—Same.**

The increased value of property between the time it was contracted for by the corporators and the day on which it was conveyed to the corporation by their direction is to be allowed them in determining their liability to creditors of the cor-

poration by reason of the fact that there was an overvaluation of the property and excessive issue of stock therefor.

**6. Same—Net Profits to Be Credited on Stock.**

The net profits of a corporation prior to the issuance of stock, which were expended in improving and extending its plants, should be credited to stockholders in determining the amount due on their stock in an action by a receiver of the corporation for the benefit of its creditors.

**7. Same—Indebtedness Res Judicata, When.**

The amount of the indebtedness of a corporation, as determined by a judgment, should not be submitted to the jury in an ancillary suit to enforce the liability of stockholders for the indebtedness, and, if it is submitted, the court properly disregards a finding by the jury in conflict with the judgment.

**8. Same—Judgment by Receiver of, Against Corporators.**

A judgment recovered by the receiver of an insolvent corporation against each of the corporators, determining the amount for which each is liable to creditors, does not authorize him to collect any more from each corporator than the demands of the creditors and the costs of the receivership proceedings may require.

**9. Same—Action by Receiver of, Against Stockholders.**

It is not incumbent upon the receiver of an insolvent corporation in an action against stockholders, based upon the overvaluation of the property conveyed in exchange of stock, to show that the creditors were not aware of the circumstances under which the stock was issued.

**10. Same—Right of Creditors—Overvaluation.**

Creditors of a corporation who had notice when they extended credit to the corporation of the circumstances under which the stock in question was issued can not recover from stockholders upon the ground that there was an overvaluation of the property for which their stock was issued.

APPEAL from Brazos.   Tried below before Hon. C. G. TALIAFERRO.

*Watts, Aldredge & Eckford* and *S. R. Frost,* for appellants.

*Baker, Botts, Baker & Lovett* and *J. E. Butler,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee, as receiver of the Bryan Water, Ice and Electric Light Company, a private corporation, by virtue of an order of the District Court of Brazos County, sued J. N. Cole, J. N. Henderson, Geo. W. Smith, Geo. W. Norrell, J. P. Burrough, A. D. McConnico, and L. T. Fuller, to recover from each of them an alleged balance due upon his subscription to stock in said corporation. The corporation being insolvent, and judgments having been rendered against it in favor of its creditors, the object of this suit was to compel payment by the stockholders of the balances alleged to be due upon the stock issued to them, to enable the receiver to pay off the indebtedness of the corporation.   The petition alleged that the indebtedness of the corporation was $15,172.61, and that the receiver had in hand the sum of $1559.34, and that each of the defendants, Cole, Henderson, Smith, Norrell, Burrough, and McConnico had subscribed for and received from said corporation fifty shares of its capital stock of the par value of $100 per share, and that the defendant Fuller had subscribed for and received forty shares of said stock, and that each of said defendants had paid only

50 per cent of the par value of the said stock respectively issued to them, and that each of them was indebted for the remaining 50 per cent.

The defendants demurred generally, and answered by general denial; and by special answer denied that any one of them at any time were subscribers to the capital stock of the corporation; admitted that defendant Fuller received forty shares of capital stock of the corporation, and that each of the other defendants had received fifty shares of said stock, but denied that the same was issued to them for less than its par value, and averred that said stock was issued to them as fully paid up stock in the following manner and for the following considerations, to wit: Defendants, as promoters of the corporation, had secured a charter for it, and caused the same to be filed in the office of the Secretary of State on September 27, 1889, and that after the organization of the corporation they caused to be conveyed to it certain real estate situate in the city of Bryan, which had been secured and paid for by defendants; that prior to the filing of the said charter, defendants as promoters of said corporation had secured a contract with the city of Bryan in reference to a waterworks system, and which contract was duly executed by the corporation and said city on the 19th of October, 1889, by the terms of which contract the corporation was to erect in said city a waterworks plant, and to furnish water to the city for twenty-five years, and the city was to pay a rental for the use of the hydrants and drinking fountains; and the city was to loan to the corporation $18,000 of its bonds, to assist in the construction of said plant; and that said corporation and said defendants had prior to May 22, 1890, expended in erecting and extending said waterworks plant $31,907.67, and in acquiring and improving the ice plant of the corporation $12,000; that $17,000 of said sums was derived from a sale of said waterworks bonds; that the waterworks and ice plant, with the contract secured by defendants, the rights and franchises of said corporation, and the profit on same and the net earnings for eight months, which had been invested in improving and extending said plants, were on the 22d day of May, 1890, of the actual value of $28,000 over and above the $17,000 borrowed from the city of Bryan, and over and above all other indebtedness of the said corporation; and upon this estimate of the value of the property, rights, and franchises of the corporation, together with the profits made by defendants in securing the same, and the net earnings of the company, which had been invested in said plants, the said corporation, acting through its directors, at a regular meeting issued to each of defendants forty shares of paid up capital stock of the par value of $100 per share; that subsequent to May 22, 1890, and prior to the first day of September, 1890, the corporation had erected in the city of Bryan an electric light plant at a cost of $18,000, and had secured a valuable contract with the A. & M. College for lights, and had extended its lines to said college at a cost of $3000, and that of these amounts each of the defendants, save defendant Fuller, contributed $500, and that said corporation had contributed $10,000 out of surplus profits earned in the prosecution of its business,

but which earnings had not been declared as dividends, and that on said first day of September, 1890, it was ascertained and agreed by said corporation and all the stockholders that its property, effects, contracts, rights and franchises were actually worth $55,000 over and above all its indebtedness; and on said day, by agreement of said stockholders, the corporation issued to the six defendants who had contributed $500 each since the 22d day of May, 1890, to the erection and extension of the electric light plant, sixty shares of paid up capital stock of the par value of $100 each; this stock was also issued, it was averred, at a regular meeting of the board of directors. Defendants further averred that in estimating the value of the property, rights, contracts, franchises, and profits of the corporation, and in issuing said stock of the corporation to defendants, the corporation and defendants acted in good faith, and that same was done without any fraudulent intent on the part of the corporation or any of the defendants; the answer of defendants also alleged that each and all of the creditors of the corporation had, before the accrual of their respective demands, full notice of the manner in which said stock was issued, and the consideration paid therefor by defendants.

The defendants George W. Norrell and A. D. McConnico specially answered for themselves, that each of them, while the corporation was solvent and a going concern, transferred and assigned to solvent transferees all the original shares of stock which had been issued to them, and that the transfer of same had been entered upon the books of the corporation and the shares so transferred had been canceled and new shares of stock issued to defendants' transferees.

Plaintiff excepted to the answer of the defendants, and the exceptions were sustained, in so far as the defendants deny their liability on the ground that the stock issued to them was paid up capital stock, when the averments of the defendants show that only 50 per cent of the par value of the shares were paid in cash, and the other 50 per cent of the par value consisted in estimated enhanced value of the properties of the corporation, contracts, proceeds, extensions made, and earnings from operation of the plant between the dates of the charter and the issuance of the stock, and the defendants excepted to this action of the court. Plaintiff in his supplemental petition denied generally the averments of the defendants in their answers, and specially denied that the stock was issued in good faith, and also that any of the creditors had notice as averred by defendants, and denied also that the defendants Norrell and McConnico had transferred their stock as alleged by them.

The court submitted to the jury special issues, and by their verdict they found that the claims upon which creditors could recover amounted to $6120.63, but the court, upon motion of the plaintiff, notwithstanding the verdict, rendered judgment against the corporation in favor of J. M. Dorrance for $1961.28, with 10 per cent interest from October 1, 1896, and for A. H. Harbers, another creditor, for the sum of $228.30, and against the defendant Fuller, in favor of plaintiff, judgment for the sum of $2000, and against each of the other six defendants $2500. Their

motion for new trial being overruled, defendants excepted and gave notice of appeal, and the appeal was perfected by all of the defendants except the defendant J. P. Burrough.

Appellants' sixth assignment assails the action of the court in rendering judgment against G. W. Norrell and A. D. McConnico, on the ground that the evidence shows conclusively that Norrell was not a stockholder in the corporation when it became insolvent, nor when its property was placed in the hands of a receiver, nor when this suit was brought; and that Norrell sold and transferred all the original stock which had been issued to him before the debts herein sued on had accrued; and that the evidence also showed without contradiction that McConnico sold and transferred all of the original stock issued to him by the corporation before it became insolvent, before it was placed in the hands of a receiver, and before debts sued for had accrued, and because said McConnico is sued as an original stockholder, and not as a transferee of the stock. Amid the conflict of opinion on the subject, we conclude the correct rule to be, that a stockholder who transfers his stock in good faith, and with no intention to defraud, while the corporation is solvent, and has the transfer entered upon the books of the corporation, is not liable either to the corporation, or to its creditors for unpaid subscriptions to the stock. This rule has its exceptions, but we do not understand from the evidence that this case falls under any of the exceptions. Vide 1 Cook on Stockh., sec. 255; 3 Thomp. on Corp., secs. 3221, 3222, 3231, 3259, 3260; Webster v. Upton, 91 U. S., 65. The evidence makes it clear that the appellant Norrell owned no stock in the corporation at the time the plaintiff was appointed receiver, and that all of the stock issued to him had been in good faith transferred to others while the corporation was solvent and a going concern, and that the transfer was made in accordance with the rules of the corporation and was properly entered upon the stock book; and the evidence also shows that the original sixty shares of stock issued to the appellant McConnico were transferred by him, with no intent to escape liability, and when the corporation was solvent and operating its plants; and that fifty of these sixty shares were regularly transferred in accordance with the by-laws of the corporation, the transfer noted on the stock book, and certificates of stock regularly issued to the transferees. This assignment is therefore, in our opinion, well taken and must be sustained as to the appellant Norrell, and must also be sustained as to appellant McConnico to the extent, at least, of the fifty shares of stock transferred by him. If the remaining ten shares still on the books in his name are there by the negligence of the corporation, it may be that he is not liable for any unpaid subscription for those shares.

The appellants under their first and second assignments of error submit these two propositions: 1. The corporators who were not subscribers for capital stock were entitled to shares of paid up capital stock to the full value of the property and effects owned and held by the corporation over and above its indebtedness at the time the stock was issued. 2. The

corporators and stockholders of a corporation are the real and beneficial owners of all the property and effects held by the corporation, and they are entitled to full paid up shares of stock for the value of the property and effects of the corporation over and above the liabilities of the corporation.

We can not assent to either of these propositions. The relation of the corporators to the corporation in respect to its capital stock is not different from that of subscribers for the stock; stock can be issued to neither except for money paid, property conveyed or sold to the corporation, or labor done for it. The stock, it is well settled, which is unsold, is to be held as a security for the creditors of the corporation, and an enhancement of the value of the properties of the corporation will not authorize an additional issue of its stock to either corporators or subscribers for the stock.

Under their fourth assignment of error, appellants contend that a corporation may purchase any property, rights, and franchises which it may need in the prosecution of its lawful business, and may pay for same in its capital stock, and if in said purchase said property, rights, and franchises are not purposely or fraudulently overvalued, then those so receiving said stock are not liable to the creditors of such corporation; in other words, that stockholders of stock, issued for property at an overvaluation are not liable to creditors, as for unpaid stock, if said valuation was bona fide and without intent to defraud on the part of said corporation and those receiving the stock. While it is true this proposition is sustained by the decisions of courts of high respectability, we think the wiser and better rule is that, as to creditors without notice, property conveyed in payment of stock is not to be considered as a payment except to the extent of its money, or actual value. Vide Crawford v. Bohan, 59 Md., 599; Shickle v. Watts, 94 Mo., 410; Libby v. Toby, 82 Me., 397; Boynton v. Andrews, 63 N. Y., 93. From what we have said, it follows that we think the court did not err in refusing to consider the alleged enhancement in the value of the franchises and properties of the corporation between the dates of the acquisition of its properties and that of the issuance of stock to the corporators, as any part of the consideration for which the stock was sold. But we think the court erred, in not allowing the appellants credit, first, for any increased value, if such there was, in the Anheuser-Busch property, between the time it was contracted for by the corporators and the day on which it was conveyed to the corporation by the direction of the corporators; second, the value of the contract secured by the corporators from the city of Bryan, for furnishing it with water and lights, and which contract was duly executed by the corporation and said city; and third, the net profits of the corporation prior to the issuance of the stock, and which were expended in improving and extending the plants of the corporation. These profits were dividends, the property of the stockholders, and not that of the corporation, and if used by the latter, the stockholders were entitled to stock

for these profits if they demanded it; and this right was not lost, we think, merely because there were no dividends declared by the directors.

The objections urged to the judgment under appellants' ninth assignment are not well taken. The amount of the indebtedness of the corporation had been established by judgment of the court in the suit to which this suit is ancillary, and there should have been no issue on this subject submitted to the jury; and therefore, as the verdict was in conflict with the judgment rendered on the original suit, the court rightly disregarded the verdict. The judgment against each of the corporators determined the amount for which each was liable to creditors; but this does not authorize the receiver to collect any more from each defendant than the demands of creditors and the cost of the receivership proceedings may require. The whole matter is under control of the court, the receiver is its officer and subject to its orders.

The contention of the appellants that the burden is on the plaintiff to show that the creditors of the corporation did not know the manner in which and the consideration for which the stock of the corporation was issued to the appellants, is erroneous, and the court did not err in refusing an instruction to that effect. The court properly charged the jury that creditors who had notice when they extended credit to the corporation of the manner in which appellants acquired their stock, could not recover. For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*