McCOLLOM et al. v. DOLLAR. (No. 781.)

(Court of Civil Appeals of Texas. Amarillo. May 1, 1915. Rehearing Denied May 29, 1915.)

1. CORPORATIONS ⊙➝348 — ACTION AGAINST DIRECTORS — JUDGMENT AGAINST CORPORATION.

The directors of a corporation not only having the right to control the defense of an action against it, but the duty to do so resting on them, the facts alleged in the petition tending to also make them personally liable, the judgment rendered against it is admissible in an action to hold them personally liable on the same matter.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1491; Dec. Dig. ⊙➝348.]

2. CORPORATIONS ⊙➝348—ACTION AGAINST DIRECTORS — FINDINGS IN ACTION AGAINST CORPORATION.

The findings, in an action against a corporation in which judgment was rendered against it, are admissible against its directors, in an action to hold them personally liable on the same matter.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1491; Dec. Dig. ⊙➝348.]

3. CORPORATIONS ⊙➝306—MISAPPROPRIATION —LIABILITY OF DIRECTORS—EVIDENCE.

Evidence, in an action against directors of a corporation, held to show that they knowingly permitted funds, collected for and belonging to another to be appropriated to the corporation's use, rendering them personally liable.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1457, 1458; Dec. Dig. ⊙➝306.]

4. APPEAL AND ERROR ⊙➝1051 — HARMLESS ERROR—ADMISSION OF EVIDENCE.

Any error in admitting findings made in another action is harmless; the facts found being shown by other uncontroverted evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. ⊙➝1051.]

Appeal from District Court, Floyd County; L. S. Kinder, Judge.

Action by J. F. Dollar against C. R. McCollom and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Mathes & Williams, of Plainview, for appellants. A. P. McKinnon, of Floydada, for appellee.

HALL, J. Prior to the 18th day of September, 1913, appellee, plaintiff below, sued the Lockney Supply Company, a corporation, and R. L. Wallingford, trustee, to whom all the assets of the corporation had been assigned for the purpose of paying the debts thereof, and joined the appellants, who had been the directors of said corporation, as its codefendants. On the date mentioned, the court sustained a general demurrer to the petition, dismissing appellants from the suit. The case proceeded to judgment against the Supply Company and Wallingford, which judgment was reversed in part and affirmed in part by this court. Dollar v. Lockney Supply Co., 164 S. W. 1076. Plaintiff, Dollar, amended his petition, and upon the second trial, before a jury, the court peremptorily instructed a verdict for him.

[1] The first two assignments present as error the action of the court in admitting in evidence against appellants the judgment recovered against the Lockney Supply Company upon a former trial. The issues between appellee and all of the defendants on the first trial are fully set out in the opinion on the former appeal, and will not be repeated here. Upon the second trial, the appellee alleged, further, that after the court sustained the exception of the appellants, judgment was rendered in favor of appellee against the Lockney Supply Company, for $1,008.12, with legal interest; that said judgment was an adjudication of all the matters alleged in plaintiff's petition as against the Lockney Supply Company, and as to the indebtedness of said several parties mentioned in said petition on account of the shipment of said cotton, as also the assignment of said several claims of said several parties to the plaintiff; that the allegations showing said indebtedness are made for the purpose of showing

---

the nature of the transaction between said several parties and the said Supply Company. Under these assignments, the proposition is urged that because the judgment introduced in evidence was entered after appellants had been dismissed from said suit on demurrer, prior to the trial in which the judgment was rendered, it was not binding upon them because it was ex parte, hearsay, and secondary evidence, and because defendants were not parties to said judgment. In our opinion this proposition is not sound. 2 Black on Judgments, § 583, in discussing the effect of a judgment against the corporation upon the rights of stockholders, says:

"Every member of a corporation is so far privy in interest in a suit against the corporation, that he is bound by a judgment against it. This doctrine has also the sanction of the United States Supreme Court, and is approved and accepted in many of the states, as well as in England. A recent text-writer has placed the rule upon a basis of reasoning which appears·impregnable, in the following language: 'A judgment obtained against the corporation is certainly conclusive (until reversed for error or impeached for fraud) in a suit to charge the stockholders upon their unpaid subscriptions, and by analogy it should also be held conclusive in a suit to charge them upon their additional individual liability to creditors. It must be borne in mind that a corporation is composed of its stockholders, and that a judgment obtained against the corporation is in reality a judgment obtained against the stockholders in their corporate capacity. There is no reason why the members of a corporation should be allowed to contest a creditor's claim twice, once in a suit against the corporation through the corporate agents and again in a suit brought to charge them individually. If the judgment against the corporation was obtained by fraud or through collusion with the company's agents, stockholders may obtain relief through equitable proceedings.' "

Quoting from 7th Enc. of Evidence, 825, it is said:

"As to when a person is a party to an action so as to be bound by the judgment rendered therein, the authorities are not entirely in accord. Some hold that he must be named as a party on the record; others that those are parties who are directly interested in the subject-matter, have a right to make a defense, control the proceedings, examine and cross-examine witnesses and appeal from the judgment; while others hold that those are to be treated as parties who are interested in the suit and have knowledge or notice of its pendency."

It is stated in 23 Cyc. 1267, that a judgment recovered against a corporation is generally held to be conclusive evidence in a subsequent suit against a stockholder to collect the balance due on his subscription for stock, or to enforce his personal liability for the debts of the corporation, citing Cole v. Adams, 19 Tex. Civ. App. 507, 49 S. W. 1052.

In Saxlehner v. Eisner (C. C.) 140 Fed. 938, the doctrine is announced that the executive officers of the corporation, who were large stockholders and had full management of its affairs, and instigated and controlled its action in willfully infringing the complainant's trade-mark, are jointly and severally liable with it for the infringement; and, where they directed and controlled its defense when sued therefor, the final decree in a suit is conclusive on them as to the matters adjudicated, including the damages found due complainant on an accounting, and that a suit will lie against such executive officers to recover the amount of such decree from them individually, when through their control and influence they caused the corporation to transfer its property and to declare and pay dividends pending the suit against it by which it was rendered insolvent.

It was held, on a former appeal of this case, that corporate directors who commingled money collected for another with the corporate funds, contrary to the instructions of the owner of the fund, or who knowingly permit their employés to do so, resulting in the loss of such funds, are personally liable therefor, and that if they knowingly appropriated such fund to the use of the corporation, or permitted another to do so, they are jointly and severally liable with the corporation therefor. We think, under the authorities cited, the judgment was admissible. The appellants unquestionably had the right, as directors of the corporation, to control this suit, and since the facts alleged tended to make them liable as trustees, the duty rested upon them to do so. In our opinion, the circumstances surrounding the transaction bring it within the rule above announced. Nuckels v. Robinson-Pettet, 159 Ky. 214, 166 S. W. 972; Estey & Camp v. Luther, 142 S. W. 649; Todd v. Ferguson, 161 Mo. App. 624, 144 S. W. 158.

[2] The next question raised is the action of the court in admitting in evidence certain findings of fact filed by the court upon the first trial. We are inclined to the opinion that this was not error. Legrand v. Rixey, 83 Va. 862, 3 S. E. 864; Last Chance Min. Co. v. Tyler Min. Co., 157 U. S. 683, 15 Sup. Ct. 733, 39 L. Ed. 859. The appellants introduced no testimony whatever.

[3] O. R. McCollom, as a witness, called by appellee, testified in part that he was one of the directors named in the charter of the Supply Company; that he knew about the shipment of cotton mentioned in plaintiff's pleadings; that a meeting of the board of directors was called once a month, at which all of the directors were usually present; that such a meeting was called after the company commenced to ship cotton for these parties; that the matter was spoken of at these meetings like any other business, and the fact that such shipments were being made was mentioned; that he was secretary of the company and his father, president; that Dr. Pennington was one of the directors; Hadley was also a director and a clerk in the store; that he was connected with the actual management of the business. Before the execution of the deed of trust or assignment, the settlement with the farmers, on account of the cotton shipments, was mentioned. At that time he knew the cot-

ton had been shipped, and that no settlement had been made with the plaintiffs; that the cotton was sold by Wm. D. Cleveland & Sons, on or about the 1st of February, just before the assignment was executed; that the cotton was shipped in the name of the Lockney Supply Company, and that the plaintiffs have never been settled with; that all of the directors knew the company was shipping cotton for the farmers; that the books of the concern showed all these facts. Under the agreement, if the cotton sold for more than the amount advanced to the owners thereof, they were to have the overplus, less the expenses.

C. R. McCollom testified that he was one of the directors of the company and was president. It was reported at one of the meetings that the business was beginning to get in bad shape. The cotton shipped was mentioned at these meetings. Mr. Tanner was telling him about the shipments. He thought it was mentioned when the directors were present. He knew, up to the time the cotton was sold by Cleveland & Sons, that there had been no settlement with the plaintiffs. The matter of protecting the owners of the cotton was mentioned at Dallas. When the cotton was sold it was credited on the account of the Lockney Supply Company with Wm. D. Cleveland & Sons, and that no settlement had been made with Cleveland.

The appellee testified that he was the assignee of the claims held by the parties who owned the cotton; that he had talked with both McCollum and his son, Hadley and Dr. Pennington, after the cotton was shipped, and before it was sold; that he demanded a settlement with these parties, and was informed that they were in no position to make a settlement. Dr. Pennington put him on the lookout about the cotton; said there was likely to be trouble about it. McCollum told him along in January that the thing was a little bit shaky in regard to their cotton.

[4] We think these facts, together with the judgment, which we have held was properly admitted, are sufficient to sustain the judgment now appealed from. The facts above recited were not controverted; and, should we admit that the court erred in permitting the findings on the former trial to be introduced as evidence, the error, if any, was harmless. The court did not err in directing a verdict, and the judgment is affirmed.