### McCOLLUM et al. v. DOLLAR.
#### (No. 81–2872.)

(Commission of Appeals of Texas, Section A. June 21, 1919.)

1. CORPORATIONS ⬥⟹348—JUDGMENT AGAINST CORPORATIONS—EFFECT AS AGAINST DIRECTORS.

A judgment by default against a corporation for conversion of the proceeds of cotton sold it, and which it had resold under an agreement to account for the proceeds to the seller, after its directors had been dismissed from the suit, *held* not conclusive, in a subsequent suit against the directors alone, either that such directors had participated in the misappropriation of certain money received by the corporation for the sale of cotton, or that they were negligent in not preventing such misappropriation.

2. CORPORATIONS ⬥⟹306 — LIABILITY OF DIRECTORS — LOSSES RESULTING FROM NEGLIGENCE.

The directors of a corporation are liable to its creditors for losses resulting from their negligent acts, but the rule as to such liability is largely relative.

3. CORPORATIONS ⬥⟹363 — LIABILITY OF DIRECTORS—QUESTIONS FOR JURY.

In an action against the directors of a corporation to recover the proceeds of cotton sold by the corporation as a commission merchant, which were alleged to have been misappropriated by defendants, the liability of the directors for negligence in handling or misappropriating such proceeds *held* for the jury.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by J. F. Dollar against C. R. McCollum and others. Judgment for plaintiff was affirmed by the Court of Civil Appeals (176 S. W. 876), and defendants bring error. Reversed and remanded, as recommended by Commission of Appeals.

Mathes & Williams, of Plainview, for plaintiffs in error.

A. P. McKinnon, of Floydada, for defendant in error.

TAYLOR, J. The Lockney Supply Company, a mercantile corporation, herein referred to as the company, was incorporated in March, 1912, and continued in business at Lockney and Quitaque, Tex., until February 12, 1913. O. R. and C. R. McCollum, H. J. Pennington, and R. E. Hadley, plaintiffs in error, were its directors. During the period from the month of September until about the middle of December, 1912, J. F. Dollar, the defendant in error, and others residing in the vicinity of Lockney, Tex., delivered to the company 52 bales of cotton for shipment to Cleveland & Sons, at Houston. They received as an advance upon the cotton at the time they delivered it the sum of $50 per bale, and Cleveland & Sons agreed to advance the company the same amount per bale. The company issued its receipt for each bale of cotton, showing from whom received, the date, the weight, the amount advanced, and to whom it was to be shipped. The understanding between the company and those from whom it received the cotton was that, if there was any loss upon the sale by Cleveland & Sons, those making delivery would make it good to the company, and, if the cotton sold for more than the amount advanced and the costs of handling, the company would pay the difference to those from whom it received the cotton. The company shipped in all, including what it purchased upon its own account and the 52 bales delivered to it for shipment, about 800 bales. Prior to receiving the cotton, to wit, in August, 1912, the company had made its note to Cleveland & Sons for the sum of $5,000. The loan obtained upon the note was for the purpose of paying the company's past-due indebtedness, and was so used. The company, from time to time as the cotton was shipped, drew upon Cleveland & Sons against it for the amount to be advanced, until about February 2, 1913. On that date the company, being insolvent, called a meeting of its creditors to be held at Dallas on February 10th. Notice was sent to all of the creditors. Between the date of notice and the meeting, Cleveland & Sons sold the cotton. The proceeds received from the sale were credited upon the company's indebtedness, leaving a balance still due of $4,600.

On February 12, 1913, the company, pursuant to an agreement reached at the creditors' meeting, executed a deed to R. I. Wallingford, transferring and delivering to him, in trust, all of its property for the benefit of its creditors. The defendant in error and the others who have delivered their cotton to the company, upon learning of the sale of the cotton by Cleveland & Sons, made demand for payment, first upon the company, and subsequently upon the trustee. Being unable to secure settlement, all of the claims against the company were transferred to the defendant in error, who filed suit to recover the profit proceeds of the sale. The suit, as originally filed, was against the company, the trustee, and the plaintiffs in error. Recovery was sought against the company, upon

the theory that it converted and misappropriated the profit proceeds of the sale; against the trustee, upon the theory that the proceeds having become mingled with the assets held by him in trust, defendant in error was entitled either to priority of payment out of the assets, or to a prior lien thereon to secure such payment; against the plaintiffs in error, upon the theory that they, at the time of the alleged appropriation and conversion, were directors of the company, and actively participated therein, or were charged with knowledge thereof to such extent as to render them liable for negligently handling the proceeds.

The court sustained a general demurrer urged by the directors, and, defendant in error declining to amend, they were dismissed from the suit. Judgment was entered against the company by default. The trial court refused to render judgment against the trustee, either establishing a prior lien in favor of the defendant in error, or declaring his prior right for payment. The defendant in error did not prosecute an appeal from the judgment against the company, but appealed from that part of the judgment in favor of the trustee and from the ruling on the demurrer. The Court of Civil Appeals affirmed the judgment in favor of the trustee, reversed the trial court's action on the demurrer and dismissal of plaintiffs in error, and remanded that part of the cause for another trial. Dollar v. Lockney Supply Co., 164 S. W. 1076.

After the case was remanded, defendant in error amended his petition, so as to allege his ground of action against the plaintiffs in error only. He specifically alleged that, in the cotton transactions between the company and the defendant in error and those whose claims he acquired, the relation of debtor and creditor was not created, and at no time existed, but that the company, in receiving the cotton, acted as a commission merchant; that the company embezzled the proceeds of the sale over and above the amount advanced thereon and costs of handling, and converted the same to its own use; that the company used said funds in its business, and mingled the same with its assets; that the plaintiffs in error either had knowledge of the misapplication and conversion of the proceeds or were chargeable with such knowledge; that the judgment rendered against the company upon the trial of the case as originally filed was an adjudication of all the matters alleged in the original petition against the company. Defendant in error included in his amended petition an allegation that the court, after sustaining the demurrer referred to, rendered judgment in his favor against the company.

The concluding allegation is in effect that the plaintiffs in error were the directors of the company; that it received said cotton for shipment and sale, sold it, and converted and misapplied the profit proceeds of the sale; that by reason of the fact that it was the duty of the plaintiffs in error to see that the proceeds were not used by the company for its own purposes, and as they knew, or should have known, of the conversion and misappropriation, they were negligent as directors in control of the company's business, and therefore liable to the defendant in error for the amount of the profits, evidenced by the default judgment rendered against the company upon the first trial.

Upon the second trial defendant in error offered as part of his evidence the said judgment, and the findings of fact made by the court upon the first trial of the case. The court peremptorily instructed the jury to return a verdict in favor of the defendant in error. The Court of Civil Appeals affirmed the judgment. McCollom v. Dollar, 176 S. W. 876.

The plaintiffs in error are liable, if at all, upon the ground that they were parties to the appropriation of the cotton proceeds by Cleveland & Sons, or had reason to believe the appropriation would be so made as to subject them to the charge of negligence in the company's handling of the proceeds. The question to be determined, in view of the giving of the peremptory instruction, is whether the evidence establishes, as a matter of law, either that the plaintiffs in error were parties to the appropriation of the proceeds of the cotton sale, or that they were negligent as directors, in view of the circumstances under which the appropriation was made.

It is not alleged that either the shipment or sale of the cotton was wrongful. The agreement contemplated it should be shipped to Cleveland & Sons. The negligence and wrongful acts of the plaintiffs in error, if any, are in connection with the disposition of the part of the proceeds of the sale to which defendant in error is entitled. This part was credited, together with the balance of the proceeds, upon the company's indebtedness. There is evidence that no statement of the sale was furnished the company, or any of the directors, by Cleveland & Sons, until after its assets had been turned over to Wallingford, who assumed the management of the company's business on behalf of the creditors. There is evidence that neither the company nor any of the directors authorized Cleveland & Sons to sell the cotton, or knew that the sale was going to be made. There is no conclusive evidence that the plaintiffs in error authorized the sale to be made, or knew that it had been made, prior to the receipt of the statement from Cleveland & Sons, received after the assets were in the course of administration by Wallingford. Nor is there any conclusive evidence that they had reason to believe that the sale would be made at the time it was, or that Cleveland & Sons, upon sale of the cotton, would credit the en-

tire amount of the proceeds on the company's account.

[1] Certainly the default judgment against the company, rendered after the plaintiffs in error had been dismissed from the suit, is not conclusive, either that they participated in the appropriation of the cotton money, or that they were negligent in not preventing it. The Court of Civil Appeals, upon the appeal of the case as first tried, recognized that it was not conclusive as to the liability of the directors. Chief Justice Huff, in the course of his opinion, says:

· "We think, from the authorities in this state, as well as others cited, that if the directors knowingly appropriated the proceeds of the cotton to the use of the corporation, or knowingly permitted the corporation to do so, or if the facts and circumstances were such as to charge them with knowledge of such appropriation, they and the corporation would be jointly and severally liable for the loss. The situation of the directors and their connection with the corporation and with the particular fund in question will, under the circumstances surrounding them, determine their liability. Under this rule they may all be liable, or only a part. The facts must determine who, if either of them, are liable." 164 S. W. 1079.

The authorities cited, to the effect that a judgment against a corporation is conclusive against stockholders upon their unpaid subscriptions, or to enforce their constitutional or charter liability, are not analogous. The directors are entitled to set up those defenses personal to themselves. The findings of fact made by the trial court on the first trial, regardless of whether they are competent evidence against the plaintiffs in error, are not conclusive that they were negligent in the handling of the proceeds of the sale of the cotton, or that they participated in the appropriation of the proceeds by Cleveland & Sons, or that the plaintiffs in error had reason to believe that the sale would be made, and the money received appropriated in the manner it was.

[2] We think it is well settled as a general proposition that the directors of a corporation are liable to its creditors for losses resulting from their negligent acts, but the rule as to such liability is largely relative. Thompson on Corp. (2d Ed.) § 1275, says:

"What may be regarded as negligence in one instance, or under certain circumstances, would not be regarded as negligence under other circumstances; the proper performance of their duties is a question of fact and must be determined in each case in view of all the circumstances. In considering such circumstances, regard may be had to the character of the corporation, the condition of its business, the usual method in which such corporations are managed, and any and all other relevant facts that tend to throw light upon the question of the proper discharge of the duty as a director."

The agreement for shipping the cotton appears to have been for the mutual benefit of the parties. Each agreed to pay the other an amount incapable of ascertainment at the time of making the agreement for shipments. Which one was to make payment to the other after the shipment and sale of the cotton, and how much, depended upon the price for which the cotton sold. Regardless of whether the agreement and the transactions under it created the relationship of creditor and debtor between the parties, the plaintiffs in error owed the defendant in error, and those whose claims he acquired, the duty to use such diligence in connection with the shipment, sale, and disposition of the proceeds of the cotton, as an ordinarily prudent man would use under similar circumstances.

[3] We are of opinion that the giving of the peremptory instruction was error. The issues of fact upon which to determine the liability of the plaintiffs in error should have been submitted to the jury for determination.

We recommend that the judgments of the trial court and Court of Civil Appeals be reversed, and that the cause be remanded.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the questions discussed.