GEORGIA, FLORIDA & ALABAMA R. CO.
et al. v. BANKERS TRUST CO. et al.

No. 12475.

United States Court of Appeals
Fifth Circuit.

Nov. 23, 1948.

James H. Price and William B. Price, both of Greenville, S. C., and Frank B. Hand, Jr., of Washington, D. C., for appellants.

Harry S. Strozier, Walter A. Harris and A. O. B. Sparks, all of Macon, Ga., and Jesse E. Waid, Harold J. Gallagher and Leonard D. Adkins, all of New York City, for appellees.

Before HUTCHESON, SIBLEY, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

In a railroad reorganization proceeding under Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, the appellees as mortgage trustees for bondholders filed a claim for $1,750,000 principal and about the same amount for past due interest, with an additional sum for interest on over due interest, promised in the bonds and coupons. The claim was resisted as to the interest items by the debtor, Georgia, Florida and Alabama Railroad Company and by its first preferred stockholders, who by reason of default in dividends have come into control of the Company. The stated ground of objection is that ninety percent of the bonds were obtained by the Seaboard Air Line Railroad Company in a reorganization of the Seaboard Air Line Railway Company, and that the original bondholders were paid only $750 for each $1,000 bond with nothing for accrued interest or interest on interest; and that the purchase of these bonds for less than par was part of a plan to take over and appropriate the debtor's entire property to the injury of the preferred stockholders. On a hearing the District Court held that the bonds owned by the Seaboard Air Line Railroad Company had been bought in the year 1944 by the receivers of the Seaboard Air Line Railway Company under orders of their court in Virginia in connection with the reorganization of that railroad; that subsequently in 1945 the present debtor asserted in the Vir-

ginia court an equity in the funds used to buy the bonds, but that court adjudged that this debtor had no interest in the money used to buy the bonds and none in the bonds thus bought, which judgment was affirmed in the Circuit Court of Appeals. Guaranty Trust Co. v. Seaboard Co., D.C., 62 F.Supp. 207, affirmed Dure v. Glazebrook, 4 Cir., 152 F.2d 756. So that the Seaboard Air Line Railroad Company, the present owner of these bonds, has all the rights, liens, and privileges appertaining to the bonds, along with the bond owners who did not sell to the Seaboard Co. The District Court further held that the bond mortgage has a lien on all the debtor's physical properties and franchises, and on the tolls, revenues, issues and profits thereof. The claim was accordingly allowed for the principal and accrued interest on all the bonds, but consideration of the allowance of interest on overdue interest was postponed without prejudice. Appeal was taken from the judgment.

Appellants state that their appeal presents but one broad issue: Should the District Court have allowed interest on the bonds under the facts and equities of this case, in view of the decision in Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162? The equities are asserted to grow out of stipulated facts in connection with the receivership of the Seaboard Air Line Railway Co., which began about Jan. 1, 1931; which Company had a ninety-nine year lease on the Georgia, Florida and Alabama Railroad Company's railroad, the rental being the only source of income to pay the interest on the bonds of the latter which are now in controversy. Rents and interest were in default, and the trustees in the bond mortgage in 1934 instituted foreclosure proceedings with a receivership. The Seaboard receivers sought to surrender the lease, but the lessor Company had no rolling stock and no capital to run its own railroad, and the Interstate Commerce Commission required the Seaboard receivers to continue to operate it. This was effected by certain agreements, carried into court orders, to which the representatives of both railroads and the mortgage trustees

were parties, whereby there should be a division of operating revenues between the two railroads in lieu of rentals. During the great depression the net revenues were small, but with the onset of the late war in 1942 they increased greatly, and a large sum is now due the debtor in this reorganization proceeding, sufficient with the other mortgaged assets to pay the bonds and accrued interest on them. In March, 1943, the first preferred stock of the debtor of the par value of $1,000,000, which had been considered worthless, was purchased entire for $5,000 by W. H. B. Simpson and Edward S. Borer, who because of dividend defaults were entitled to elect and did elect directors of the debtor, and Simpson himself was elected its president. This management filed the present debtor's petition and is conducting this litigation.

The Vanston case, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162, here relied on, does not in our opinion propound any new law in respect of interest accruing during receiverships and bankruptcies. It cites with approval the older cases which establish that in court insolvencies interest accruing since the receivership or bankruptcy is in general not computed in distributions when the funds are insufficient for full payment, but that a secured creditor may collect interest if his security yields enough to pay it. Ordinarily all classes of stockholders of an insolvent corporation have no right or equity till all creditors are satisfied. But there may be exceptional cases in which a creditor may have disentitled himself to claim interest, as by delaying and obstructive conduct. Interest on interest has especially met with general disfavor. See 30 Am.Jur., Interest, Sect. 55, and concurring opinion in the Vanston case. It was such interest that was there held not allowable. That kind of interest is not involved in this appeal. There are no unsecured creditors in this case. The issue is between secured bondholders and the debtor corporation and its stockholders. It has been adjudged that the Seaboard Air Line Railroad Company has good title, free of any equitable interest on the part of the debtor corporation, to the bonds it bought. These bonds, and the others still held by the

public, are entitled to be paid before the preferred stock. The record indicates no conduct by bondholders or their trustees that could be called obstructive. We think their cooperation with the Seaboard receivers in keeping the railroad of the debtor going was in good faith and for the best interest of all concerned. The preferred stockholders would have gotten nothing by a more prompt foreclosure sale. Indeed the present preferred stockholders bought into the situation after most of the occurrences of which they complain, and have not a good standing to criticize what was previously done in the hard days of the depression, when claims for rental against the insolvent lessee were waived in order to secure continued operation of the railroad. Compare Comstock v. Institutional Investors, 335 U.S. 211, 68 S.Ct. 1454. The court did not err in holding the bondholders entitled to simple interest out of the funds on which they have a lien.

Judgment affirmed.