**METROPOLITAN LIFE INSURANCE COMPANY et al., Appellants,**

v.

**RICHARD GILL COMPANY et al.,**
Appellees.

No. 3306.

Court of Civil Appeals of Texas.

Eastland.

May 24, 1957.

Rehearing Denied June 14, 1957.

**502**

———◆———

Clemens, Knight, Weiss & Spencer, Ralph E. Cadwallader, Herbert Oliver, Leon P. Howell, San Antonio, for appellants.

Russell B. Wine, U. S. Dist Atty., Reagan Houston III, San Antonio, Henry Gates Steen, Asst. Atty. Gen., Charles H. Jackson, Jr., San Antonio, for appellees.

GRISSOM, Chief Justice.

Edward L. Foster and wife as stockholders of Howard Distributing Corporation and for its use and benefit, sued Bob Howard, president of said corporation, his wife, Metropolitan Life Insurance Company, Jackson-Mergele Mortgage Company, hereafter called Mortgage Company, and James Kerr Company. Plaintiffs alleged Metropolitan and said Mortgage Company were asserting liens against certain lots purchased by Bob Howard with funds belonging to Howard Distributing Corporation and that certain payments on their notes had been made by Bob Howard out of said corporation's funds. Plaintiffs sought judgment against Howard for funds of said corporation embezzled by him and a decree establishing a constructive trust and an equitable lien against the property of the Howards, foreclosure of said lien and an order that the property be sold and the proceeds applied to payment of Howard's debt to said corporation. They asserted that the equitable lien of the Howard Corporation was superior to those of Metropolitan and said Mortgage Company. The United States and the State of Texas, among others, intervened. The named intervenors sought to foreclosure tax liens on the property purchased by Howard. After many preliminary proceedings, in a trial to the court, it was decreed that Metropolitan Life Insurance Company, prior to the appointment of a receiver, held valid liens on certain lots numbered 12 and 13, which secured payment of a vendor's lien note executed in April, 1953, by Howard and wife; that such liens had not been waived and that on July 1, 1956, there was due thereon $16,351.87 and that the order of priority of liens against the proceeds of the sale of lots 12 and 13 was (1st) Metropolitan, (2nd) Richard Gill Company and (3rd) Howard Distributing Corporation.

It was further adjudged that Howard Distributing Corporation should recover from Metropolitan $403.32, being the amount of money belonging to it used by Howard to make payments to Metropolitan on its vendor's lien note. (There is no complaint by Metropolitan of this part of the judgment, nor of the assessment of expenses of the receivership.) After subtracting said items from its debt, secured by vendor's and deed of trust liens on lots 12 and 13, the court rendered judgment for the balance of the principal of a vendor's lien note executed by Bob Howard and owned by Metropolitan and for interest thereon only to the day a receiver was appointed, to be collected only out of the proceeds of lots 12 and 13 still in the hands of the receiver. The court refused to give Metropolitan judgment for attorneys' fees and for interest on its note after appoint-

ment of the receiver, both of which were expressly provided for in its note and liens. From that portion of the judgment Metropolitan has appealed.

Howard Distributing Corporation has appealed. Its first four points are, in substance, that the undisputed evidence shows that the liens of Metropolitan were waived; that the court erred in decreeing that Metropolitan had a prior claim on the proceeds of lots 12 and 13, because its claim was superior to that of Metropolitan, and that there is no evidence to support the judgment decreeing a recovery by Metropolitan of $14,648.53 as a first claim against the proceeds of the sale of said lots. We shall first consider said contentions of Howard Distributing Corporation and the contention of Metropolitan that it was not only entitled to said judgment but that, as a matter of law, it was also entitled to recover attorneys' fees and interest on its note after appointment of the receiver. In April, 1953, Howard and wife purchased lots 12 and 13. In their deed a vendor's lien was retained to secure payment of a note for $17,000 to Mortgage Investment Company, which company had advanced that portion of the purchase price. On the same day the Howards executed a deed of trust to secure payment of said note. The deed reserving the vendor's and deed of trust liens was filed for record on April 30, 1953. Said note provided for the interest and attorneys' fees claimed by Metropolitan and recited that it was secured by a first lien on lots 12 and 13. The deed of trust expressly secured payment of the interest and attorneys' fees sought by Metropolitan. The vendor's lien note and the liens securing its payment were transferred to Metropolitan on April 30, 1953.

Howard and wife admitted a debt to Howard Distributing Corporation of $27,-966.62 and that it had a constructive trust and equitable lien on said properties. An interlocutory judgment to that effect was rendered in September, 1954.

On September 23, 1954, Metropolitan, said Mortgage Company and another filed a joint motion for appointment of a receiver of the Howards' property. It was alleged that Metropolitan held first and superior vendor's and deed of trust liens on lots 12 and 13 and that said Mortgage Company held first and superior vendor's and deed of trust liens on lots 6, 7 and 8. On September 23, the court appointed a receiver and recited in the order that Metropolitan and said Mortgage Company held liens on said lots and authorized the receiver to sell them.

On November 16, 1954, Metropolitan filed a counterclaim seeking recovery of principal, interest and attorneys' fees provided for in its note and foreclosure of its liens against lots 12 and 13. On August 12, 1955, the court ordered the receiver to sell lots 12 and 13 for $22,500, free and clear of liens but decreed that Metropolitan's liens be transferred to the proceeds of such sale. The receiver obtained the net sum of $21,-319.12 from the sale of lots 12 and 13. At the hearing relative to distribution of the proceeds of the sale of all of the property in receivership, except that released to certain lien holders, Metropolitan sought recovery of its principal, interest and attorneys' fees from the proceeds of the sale of lots 12 and 13.

In reply to Metropolitan's counterclaim and trial amendment, Howard Distributing Corporation alleged that Metropolitan had waived and forfeited its liens or, in the alternative, that Metropolitan's recovery should be limited to the principal of its notes and interest thereon to the day a receiver was appointed, because, it alleged, Metropolitan had waived its claim for attorneys' fees and for interest after appointment of a receiver.

It was decreed that Metropolitan had a valid first lien on the proceeds of the sale of lots 12 and 13 and that it had not waived its rights but, nevertheless, the court denied Metropolitan recovery of attorneys' fees and interest after appointment of the re-

ceiver. It is conclusively shown that Metropolitan's vendor's lien note was in default, declared matured and placed in the hands of its attorney for suit with an agreement to pay the attorneys' fees provided for therein and that the balance due on the note, after the deductions aforesaid, was $16,351.87.

Howard Distributing Corporation, in support of its claim that the court erred in rendering judgment for Metropolitan establishing a first claim against the proceeds of the sale of lots 12 and 13, says that Metropolitan waived its lien and is estopped from asserting a lien prior to that of Howard Distributing Corporation because Metropolitan, said Mortgage Company and another joined in a motion for appointment of the receiver and represented that they had no other adequate remedy and Metropolitan did not assert superior title to lots 12 and 13, nor seek affirmative relief, until it filed its counterclaim in 1954 and that Metropolitan did not seek judgment until it filed its motion for summary judgment.

◼ It is undisputed that prior to the receivership Metropolitan had superior vendor's and deed of trust liens against lots 12 and 13 and that said note and liens expressly secured payment of the interest and attorneys' fees denied it; that the deed of trust provided that in the event a receiver was appointed Metropolitan should have the right to declare all the principal and accrued interest due and that same should thereafter bear interest at 10% per annum and, in the event the note was collected through judicial proceedings by an attorney, that an additional 10% of the principal and interest should be added as attorneys' fees. Following institution of the suit by Foster and wife for Howard Distributing Corporation and the appointment of a receiver it was stipulated that Metropolitan held superior vendor's and deed of trust liens on lots 12 and 13, and the order appointing the receiver recognized that it held a lien. Metropolitan thereafter filed its cross-action, reiterating the fact that it had superior liens, seeking judgment for the principal, interest and attorneys' fees due on its note secured by said liens on lots 12 and 13. Upon a sale of Metropolitan's security by the receiver its liens were properly transferred to the proceeds. Metropolitan then filed pleadings setting up such facts and sought recovery of the principal, interest and attorneys' fees out of the proceeds of the sale of its security. We overrule the Howard Corporation's points. The record does not show that Metropolitan's right to recover its debt from the proceeds of the sale of lots 12 and 13 was subordinate to the claim of Howard Distributing Corporation, on the contrary, the record shows that Metropolitan's claim was superior thereto. There is ample evidence to support the judgment for Metropolitan complained of by Howard Distributing Corporation.

◼ We sustain Metropolitan's points asserting the right to also recover attorneys' fees and interest after the appointment of the receiver only out of the proceeds of the sale of its security. First National Bank of Houston v. J. I. Campbell Co., 52 Tex.Civ.App. 445, 114 S.W. 887, 890; Brazelton & Johnson v. J. I. Campbell Co., 49 Tex.Civ.App. 218, 108 S.W. 770, 773; Texas Co. v. Kent, Tex.Civ.App., 60 S.W.2d 857, 860; Georgia, Florida & Alabama R. Co. v. Bankers Trust Co., 5 Cir., 170 F.2d 733; 75 C.J.S. Receivers § 270, pp. 904, 905. The refusal to allow Metropolitan to recover interest and attorneys' fees out of its security simply had the effect of giving that portion of its security to other creditors. If there remains sufficient proceeds of the sale of its security to pay interest and attorneys' fees Metropolitan is entitled to recover interest and attorneys' fees provided for in its contracts out of that fund.

The judgment for Metropolitan complained of by Howard Distributing Corporation is affirmed. Only that part of the judgment denying Metropolitan recovery of attorneys' fees and interest after appointment of the receiver is reversed and the

trial court is directed to allow recovery thereof only out of the remaining proceeds of the sale of its security.

Howard Distributing Corporation also contends the court erred in refusing to award it a money judgment against said Mortgage Company and in holding the Mortgage Company's liens were superior to its equitable lien. The court found that $2,100 of the money used by Howard in making the initial payment in the purchase of lots 6, 7 and 8 was embezzled by Howard from the Howard Corporation. On April 20, 1953, said Mortgage Company agreed to sell to Howard lots 6, 7 and 8 for $7,200, payable $2,500 in cash and a note for $4,-700 secured by a first lien. The deed conveying said lots was executed April 28, 1953. It recited retention of a vendor's lien and that the note was also secured by a deed of trust lien. On the same day the Howards executed said note and deed of trust to the Mortgage Company. Stewart Title Company handled the transaction. Howard's check to the title company for $400 earnest money was converted by the title company into a cashier's check and deposited to its account. Howard also gave said title company a check on Howard Distributing Corporation for $2,111.02. This, likewise, was deposited to the credit of the title company. In closing the deal the title company delivered to said Mortgage Company its check for $1,676.27 and Howard's note for $4,700, this accounted for the purchase price less a realtor's commission, revenue stamps, taxes and other expenses incident to completing the sale.

The court ordered lots 6, 7 and 8 discharged from the receivership but decreed that the Mortgage Company had a valid superior lien thereon to secure payment of said note and that its liens were superior to the equitable lien of Howard Distributing Corporation. It was undisputed that the title company and said Mortgage Company closed the sale in the ordinary course of business; that when the title company sent the Mortgage Company its check for $1,676.27 and Howard's note, the Mortgage Company had no knowledge of the source of said funds, acted in good faith and received the money and note in the ordinary course of business for a valuable consideration. Under the circumstances the rules regarding title to stolen property do not apply. 36 Am.Jur. 460, 461; 40 Am.Jur. 747; 32 Tex.Jur. 656; First National Bank v. Gilbert, 123 La. 845, 49 So. 593, 25 L.R.A., N.S., 631; Burnett's Trust v. Farmers State Bank in Mexia, Tex.Civ.App., 175 S.W.2d 453, 459 (RWM); Sinclair Houston Federal Credit Union v. Hendricks, Tex.Civ.App., 268 S.W.2d 290, 295, 43 A.L.R.2d 1234 (RNRE). We also sustain the contention of the Mortgage Company that the Howard Corporation's petition for a money judgment was first filed on July 22, 1955, more than two years after the Mortgage Company received the cash payment. Recovery thereof was therefore barred by virtue of Article 5526, Vernon's Ann.Civ.St. Howell v. National Bank of Commerce, Tex.Civ.App., 181 S.W.2d 837, 838 (Writ Ref.) and 28 Tex.Jur. 211. We conclude that reversible error was not committed by the failure to file additional findings or otherwise, except in refusal to allow Metropolitan attorneys' fees and interest after appointment of the receiver. The judgment for said Mortgage Company and against Howard Distributing Corporation is affirmed.

The judgment is affirmed in part and reversed and rendered in part.