**SEARLE–TAYLOR MACHINERY COMPANY, INC., et al., Appellants,**

v.

**BROWN OIL TOOLS, INC., Appellee.**

No. 16337.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 27, 1974.

Rehearing Denied July 25, 1974.

Ellis F. Morris, Houston, for appellants.

Bryan, Suhr & Cox, David M. Cox, E. H. Suhr, Houston, for appellee.

EVANS, Justice.

Appellee, Brown Oil Tools, Inc., brought this action against Searle-Taylor Machinery Company, Searle-Taylor Real Estate & Investment Corporation, Rex Searle and Thomas C. Taylor, appellants, to recover the proceeds of sale of an item of equipment owned by appellee and left by it with Searle-Taylor Machinery Company for sale. After a non-jury trial, judgment was entered against all appellants, jointly and severally, for the sum of $50,000.00, which was the sales price of said equipment, together with interest from date of sale.

The trial court made findings of fact, determining that pursuant to customary business practices and prior dealings, Searle-Taylor Machinery Company was authorized by appellee in December, 1968 to purchase a 100 inch Betts Vertical Boring Mill for the specific use and benefit of appellee; that appellee furnished all the mon-

ey to pay the purchase price of the equipment and paid appellant, Searle-Taylor Machinery Company, a commission of $4,000.00 plus all the charges incident to relocating the equipment at said appellants' place of business. The court also found that the actual cost of the equipment was less than the amount ($40,000.00) which said appellant represented to appellee as being the purchase price for said equipment.

The trial court further found that during the year 1971, due to unforeseen circumstances, appellee authorized appellant, Searle-Taylor Machinery Company, to sell said item of equipment for the best possible price and agreed to pay a percentage commission from the proceeds of sale; that in March, 1972 said appellant sold the equipment for a total purchase price of $50,000.00 and deposited the proceeds of the sale in its general bank account; that the appellants, Rex Searle and Thomas C. Taylor, represented to the purchasers at such sale that Searle-Taylor Machinery Company had full title and sole right to possess the equipment; that the said Rex Searle and Thomas C. Taylor never informed appellee of the sale nor made any accounting to appellee of the funds received. Upon such findings the trial court concluded that these actions, in which Rex Searle and Thomas C. Taylor actively participated, constituted a breach of the fiduciary duty owed to appellee and that appellants had commingled the proceeds received from the sale of other funds in the company's general account, had applied such funds to their personal salaries, travel expenses and to payments of purchase money loans of automobiles and real estate owned by Searle-Taylor Real Estate & Investment Corporation, and that all appellants were jointly and severally liable to appellee for the full amount of such proceeds of sale.

In connection with the defense raised by appellants at trial, the trial court found that prior to the sale, Searle-Taylor Machinery Company had offered to trade other tools for appellee's equipment and had sent appellee a credit memorandum to that effect but that the offer was refused by appellee and the credit memorandum returned.

In their first two points of error appellants generally complain of the trial court's findings pertaining to the parties' relationship, the sale of the equipment and the use of the proceeds of sale, asserting that there is no evidence and insufficient evidence to support such findings and that such findings are against the great weight and preponderance of the evidence. Appellants' points of error fail to state with particularity the portions of the trial court's findings they contend are not supported by or against the great weight of the evidence; however, we have decided to consider the basic contentions argued in their brief. Essentially, appellants argue that the trial court erred in finding that they owed and breached a fiduciary duty to appellee and in concluding that a trust, resulting or constructive, was created with respect to the proceeds of the sale of the property.

Appellants do not dispute that the item of machinery was purchased on appellee's behalf and paid for with appellee's money; they admit that appellee owned the title to the property and that it was left with Searle-Taylor Machinery Company, Inc. for purposes of sale. Neither do appellants dispute that appellant, Searle-Taylor Machinery Company sold the property for appellee for a purchase price of $50,000.00, and that the proceeds of sale were deposited in the general account of the said Searle-Taylor Machinery Company. Appellants contend, however, that these circumstances fail to show a trust relationship with respect to the proceeds of sale.

Appellant, Searle-Taylor Machinery Company was authorized to sell the machinery on behalf of appellee and to col-

lect the proceeds of sale for appellee's benefit. As appellee's agent in such transaction it had a duty to notify appellee of its collection and to make remittance of the proceeds to appellee within a reasonable period of time. See Restatement of the Law of Agency, Second, Sec. 426, pp. 296–299; Sec. 404-A, pp. 250–251. Until remittance was effected, appellant had the duty to keep and maintain the sales proceeds as a separate and identifiable account for the benefit of appellee. Restatement of the Law of Agency, Second, Sec. 398, pp. 228–230; Commercial & Agricultural Bank v. Jones, 18 Tex. 811 (Tex. Sup. 1857).

The trial court found that the property was sold to a third party in March, 1972 and that appellant, Searle-Taylor Machinery Company, acting by and through appellants, Rex Searle and Thomas C. Taylor, commingled the sale proceeds with other funds in the general bank account of Searle-Taylor Machinery Company and wrongfully converted such proceeds to their own use and benefit and to the use and benefit of appellant, Searle-Taylor Real Estate & Investment Corporation. The trial court further found that appellant, Searle-Taylor Machinery Company, ceased doing business in October, 1972. These findings have evidentiary support and are not against the great weight and preponderance of the evidence.

■ The sales proceeds coming into the hands of appellant, Searle-Taylor Machinery Company, constituted trust funds and appellant owed a duty to appellee to account for such funds. See Driskill v. Boyd, 181 S.W. 715 (Tex.Civ.App.—Austin 1916, writ ref'd); National Surety Co. v. McCutcheon, 270 S.W. 1062 (Tex.Civ. App.—Ft. Worth 1925, writ dism'd) The evidence justifies the trial court's finding that a fiduciary relationship existed between appellee, as principal, and Searle-Taylor Machinery Company, as agent, with respect to the proceeds of sale of appellee's property. See Schiller v. Elick, 150 Tex. 363, 240 S.W.2d 997 (1951). We further find that the evidence supports the trial court's findings that appellant, Searle-Taylor Machinery Company, breached its fiduciary duty to appellee.

The trial court concluded as a matter of law that when the proceeds of sale were deposited in the general bank account of Searle-Taylor Machinery Company, "the whole commingled funds" were subject to a trust in favor of appellee; that any property thereafter purchased with such commingled funds became subject to such trust and that any payments with such funds on the unpaid purchase money owed by appellants for real property resulted in such property being impressed with a trust for appellee's benefit. The trial court also concluded that appellants, Rex Searle and Thomas C. Taylor, were individually liable to appellee because of their participation in the breach of fiduciary duty owed by Searle-Taylor Machinery Company to appellee and because of their participation in the commingling and conversion of trust funds and in the representation made to appellee and the purchaser of the trust property. The trial court further concluded that all appellants, including the Searle-Taylor Real Estate & Investment Corporation, were liable to appellee by reason of the application of the commingled funds by appellants, Rex Searle and Thomas C. Taylor.

■ Appellants' third point of error is that the trial court erred in entering judgment against all of said appellants, jointly and severally, with appellants, Searle-Taylor Machinery Company. The evidence supports the trial court's findings that appellants, Rex Searle and Thomas C. Taylor, participated with appellant, Searle-Taylor Machinery Company, in the conversion and misapplication of the proceeds of sale and such findings are not against the great weight and preponderance of the evidence. Upon such findings, the trial

court properly concluded that said appellants, Rex Searle and Thomas C. Taylor, were jointly and severally liable to appellee with appellant, Searle-Taylor Machinery Company. See Sutton v. Reagan & Gee, 405 S.W.2d 828, 833 (Tex.Civ.App.—San Antonio 1966, writ ref'd n.r.e.); Dollar v. Lockney Supply Co., 164 S.W. 1076 (Tex. Civ.App.—Amarillo 1919, n.w.h.); McCollum v. Dollar, 213 S.W. 259 (Tex.Com. App. 1919).

■ Appellant does not attack the trial court's findings that appellant, Searle-Taylor Real Estate & Investment Corporation, was solely owned and controlled by appellants Rex Searle and Thomas C. Taylor, and under the circumstances the trial court was justified in concluding that such corporation was charged with notice that payments from trust funds being held for appellee were being applied for its benefit. Southwest American Life Insurance Company v. Dunn, 344 S.W.2d 948 (Tex.Civ.App.—Eastland 1961, writ re'd n.r.e.). To the extent the evidence showed payments of trust funds to or for the benefit of appellant, Searle-Taylor Real Estate & Investment Corporation a constructive trust was properly decreed in favor of appellee. Wichita Royalty Company v. City National Bank of Wichita Falls, 127 Tex. 158, 89 S.W.2d 394 (1935); Metropolitan Life Insurance Co. v. Richard Gill Company, 303 S.W.2d 501 (Tex. Civ.App.—Eastland 1957, writ ref'd n.r.e.). The trial court erred, however, in holding appellant, Searle-Taylor Real Estate & Investment Corporation, jointly and severally liable with the other appellants for the full amount of the commingled funds; its liability should have been limited to the amount which it or its property was shown to have been benefited by reason of the application of such funds. See Wichita Royalty Company v. City National Bank of Wichita Falls, supra. The evidence established that the aggregate amount paid from the commingled funds with respect to the automobiles and real estate owned in the name of the said Searle-Taylor Real Estate & Investment Corporation was in the sum of $5,930.70, and the appellee's recovery against said appellant should have been limited to that amount.

■ Appellants' fourth point of error is that the trial court erred in entering judgment in excess of the sum of $45,000.00, but this point is neither briefed nor argued and cannot be considered. Rule 418, Texas Rules of Civil Procedure; Austin Lake Estates Recreation Club, Inc. v. Gilliam, 493 S.W.2d 343 (Tex.Civ.App. 1973, writ ref'd n.r.e.).

■ Appellants' fifth and final point is that the trial court erred in entering judgment for appellants for the reason that appellee's recovery is barred by the provisions of the Business & Commercial Code, Section 24.05, Vernon's Ann Civ.St. We find this statute inapplicable to the case at bar and overrule this point.

The judgment of the trial court is modified and reformed to provide that appellee shall recover judgment against Searle-Taylor Machinery Company, Inc., Searle-Taylor Real Estate & Investment Corporation, Rex Searle and Thomas C. Taylor, jointly and severally, for the sum of $5,930.70, together with interest thereon at the rate of 6% per annum from April 10, 1972, and against appellants, Searle-Taylor Machinery Company, Inc., Rex Searle and Thomas C. Taylor, jointly and severally, for the sum of $44,069.30, together with interest thereon at the rate of 6% per annum from and after April 10, 1972; as so modified and reformed, the judgment of the trial court is affirmed.