Kenneth R. DIXON, Appellant,

v.

STATE of Texas, Appellee.

No. 3–90–160–CV.

Court of Appeals of Texas, Austin.

May 1, 1991.

Donald H. Grissom, Austin, for appellant.

Jim Mattox, Atty. Gen., David Randell, Asst. Atty. Gen., Austin, for appellee.

Before ABOUSSIE, JONES and KIDD, JJ.

KIDD, Justice.

This is a gasoline and diesel fuel tax case arising under Tex.Tax Code Ann. §§ 153.-101 and 153.201 (Supp.1991). The State Comptroller of Public Accounts ("State") assessed Big Tex Oil Company, Inc. ("Big Tex") with a gasoline tax liability of $430,-901.76 and a diesel fuel tax liability of $19,938.65. The State later sued Big Tex and Kenneth R. Dixon ("Dixon"), who was the president and a director of Big Tex, alleging that Big Tex and Dixon received or collected the fuel taxes on behalf of the State and disbursed the money instead of rendering it to the State. The State moved for summary judgment as to both Big Tex and Dixon. In a final judgment, the trial court held both defendants jointly and severally liable for the taxes in question. Big Tex has not perfected an appeal. Dixon, however, appeals, asserting that the trial court erred in finding him jointly and severally liable.

## THE CONTROVERSY

The facts in this case are not in dispute. Dixon was president and director of Big Tex, a Texas corporation, during the tax period at issue. The State's petition alleged that Dixon and Big Tex became obligated to pay delinquent gasoline and diesel fuel taxes in the amount of $450,840.41, along with interest and penalties. The State sought to hold Dixon and Big Tex jointly and severally liable for the delinquent taxes pursuant to Tex.Tax Code Ann. § 111.016 (Supp.1991), which states:

> Any person who receives or collects a tax or any money represented to be a tax from another person holds the amount so collected in trust for the benefit of the state and is liable to the state for the full amount collected plus any accrued penalties and interest on the amount collected.

The State alleged that § 111.016 created a trust relationship between Big Tex and Dixon as trustees and the State as beneficiary. The State further alleged that Big Tex and Dixon committed the torts of conversion and breach of fiduciary duty by wrongfully assuming and exercising dominion and control over the tax money collect-

ed and by authorizing payment of the tax receipts to entities other than the State. The State asserted that, because Dixon knowingly participated in the conversion of the State's property, he was jointly and severally liable as a joint tortfeasor with Big Tex.

The State filed a motion for summary judgment, alleging 1) that Dixon was a "person" within the meaning of § 111.016 of the Tax Code and that he was thereby liable to the State for the full amount collected plus any accrued penalties and interest; and 2) that Dixon was jointly and severally liable as an agent of the corporation who knowingly participated in tortious or fraudulent conduct by spending the tax money Big Tex was holding in trust for the State.

The State's summary judgment evidence relating to Dixon's liability for the unpaid taxes consisted of the State's certificates of tax delinquency, Dixon's responses to the State's request for admissions and interrogatories, and an agreed order stipulating to the amount of the tax liability claimed by the State. Dixon admitted that he was an officer and director of Big Tex during the tax periods at issue; that Big Tex was obligated to pay gasoline and fuel taxes and failed and refused to pay the amount due to the State; that he or others answerable to him deposited the tax money at issue into Big Tex's operating bank account; and that he was the only person who could authorize drawing checks or withdrawals from that account. Dixon further admitted that, in his capacity as officer and/or director of Big Tex, he had actual knowledge that the taxes were collected, and that he consented to and approved of their collection. Dixon further admitted that he authorized payment of the tax receipts to entities other than the State. The trial court granted the State's motion for summary judgment.

On appeal, Dixon challenges the summary judgment ruling that he is jointly and severally liable with Big Tex for the gasoline and diesel fuel taxes owed the State. Dixon argues generally that 1) § 111.016 does not impose upon him a *personal* obli-

gation to remit the tax liability that he admittedly spent on corporate operations, and 2) he cannot be held *personally* liable for committing the tort of conversion by spending tax money that was actually collected but, instead of being remitted to the State, was spent on corporate operating expenses. We will affirm the summary judgment.

## DISCUSSION AND HOLDING

■ It is well established that when the movant offers several alternative theories for a summary judgment, and the court in granting the motion fails to state the basis for the summary judgment, the trial court's action should be affirmed if any of the movant's several theories are meritorious. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970); *Martinez v. Teachers Credit Union*, 758 S.W.2d 946, 950 (Tex.App.1988, writ denied); *McCrea v. Cubilla Condominium Corp.*, 685 S.W.2d 755, 757 (Tex.App.1985, writ ref'd n.r.e.). The party appealing from the summary judgment order must therefore show that each of the independent arguments alleged in the motion for summary judgment is insufficient to support the order. *McCrea*, 685 S.W.2d at 757. Because the trial court in this case did not specify the grounds on which the summary judgment was granted, we will affirm the judgment if any of the theories alleged in the State's motion for summary judgment is meritorious.

The State's motion for summary judgment alleged that Dixon, by instigating, aiding or abetting the corporation in spending the State's tax money for purposes other than the payment of taxes, actively participated in the tort of conversion. The State further alleged that Dixon's participation in the conversion of the tax money collected on behalf of the State made him liable as a joint tortfeasor along with Big Tex. We agree.

■ Conversion is the wrongful exercise of dominion and control over another's property to the exclusion of, or inconsistent with, the owner's rights to that property. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex.1971). An action for conversion of money will lie if a party breaches an obligation to deliver to another party a specific and identifiable sum of money. *Intermarkets U.S.A., Inc. v. C–E Natco*, 749 S.W.2d 603, 604 (Tex.App.1988, writ denied); *Houston Nat. Bank v. Biber*, 613 S.W.2d 771, 774 (Tex.Civ.App.1981, writ ref'd n.r.e.). A party can sue for conversion of money if the money is delivered to another party for safekeeping, the keeper claims no title, and the money is required and intended to be kept segregated, either substantially in the form in which it was received or as an intact fund. *Biber*, 613 S.W.2d at 775.

■ Section 111.016 of the Tax Code states that money that is received or collected as a tax or which is represented to be a tax is held by the collecting party "in trust for the benefit of the state" and that the collecting party "is liable to the state for the full amount collected." A fiduciary relationship, therefore, existed between the State as principal and Big Tex as agent for the tax money that was collected on behalf of the State.

■ An officer of a corporation is liable for any tort committed by the corporation through him, regardless of whether the officer personally benefits from the tort committed. *McCollum v. Dollar*, 213 S.W. 259, 261 (Tex.Com.App.1919); *Gardner Machinery Corp. v. U.C. Leas.*, 561 S.W.2d 897, 899 (Tex.Civ.App.1978, writ dism'd). Thus, a corporate officer who commingles and converts the trust funds of another is individually liable for breaching the fiduciary duty owed by the corporation as agent to the principal. *Gardner*, 561 S.W.2d at 900; *Searle–Taylor Mach. Co., Inc. v. Brown Oil Tools, Inc.*, 512 S.W.2d 335, 338 (Tex.Civ.App.1974, writ ref'd n.r.e.).

■ It is undisputed that Dixon was president and director of Big Tex when Big Tex collected the tax money at issue; that Dixon knew the tax money was collected and approved the collection of the tax money; that Dixon or those answerable to him commingled the tax money into Big Tex's operating account; that Dixon was the only person who could authorize checks to be

drawn on the operating account into which the tax money was deposited; and that Dixon authorized payment of the collected tax receipts to entities other than the State of Texas.

Under these facts, we hold that the trial court properly concluded that Dixon committed the tort of conversion by instigating, aiding, or abetting Big Tex in spending the State's tax money for purposes other than the payment of taxes. The trial court was therefore entitled to conclude that, by actively participating in the tort of conversion, Dixon was jointly and severally liable with Big Tex for the amount of tax liability alleged by the State. Because we decide this case on the basis of Dixon's conversion of the State's tax money, we do not reach the question of whether Dixon as an individual was, in addition to the corporate taxpayer Big Tex, a trustee of the State's tax money under § 111.016 of the Texas Tax Code.

The judgment of the trial court is affirmed.