burgessIV v. state 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-174-CV





W. E. (BILL) BURGESS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 462,397, HONORABLE JEANNE MEURER, JUDGE 



 





 This is an appeal from a summary judgment. The State of
Texas sued Rinks Oil Company ("Rinks Oil"), and its employee, W. E.
(Bill) Burgess, for failure to pay collected but unremitted
gasoline and diesel fuel taxes. The State moved for, and the court
granted, summary judgment against Burgess and Rinks Oil. Burgess
alone brings this appeal. (1) We will reverse the trial court's
summary judgment. 

 Burgess was an officer and director of Rinks Oil when
Rinks Oil collected but failed to remit gasoline and diesel fuel
taxes to the State. During discovery, the State served Burgess
with request for admissions to which Burgess partially replied. 
The State later moved to determine the sufficiency of the responses
to the request for admissions, to compel discovery and to impose
sanctions. Burgess failed to attend the hearing on these motions,
believing that Chapter Seven bankruptcy proceedings had been
instituted on his behalf. The court deemed the following requests
admitted:



21. The gasoline and diesel fuel taxes at issue in this
lawsuit was [sic] actually collected by Rinks Oil
Company, from its vendees when sales were made to
such vendees.


22. W. E. (Bill) Burgess, or other individuals employed
by Rinks Oil Company, and answerable to W.E. (Bill)
Burgess, deposited the gasoline and diesel fuel
taxes at issue herein into the bank account of Rinks
Oil Company.


23. Only W. E. (Bill) Burgess authorized the drawing of
checks or other withdrawals from the account of
Rinks Oil Company.


24. Only W. E. (Bill) Burgess was authorized to sign
checks on the account of Rinks Oil Company.


25. Gasoline and diesel fuel taxes receipts were not
segregated into a separate account of Rinks Oil
Company.


26. W. E. (Bill) Burgess, in his capacity as officer or
director of Rinks Oil Company, authorized the
payment of tax receipts collected by Rinks Oil 
Company to entities other than Plaintiff. 



One other request, not relevant to this appeal, was deemed
admitted. 

 As to Burgess, the State moved for summary judgment on
two grounds: (1) Burgess was individually liable to the State for
the unremitted tax, penalties and interest because he is a "person"
within the meaning of Tex. Tax. Code Ann. § 111.016 (Supp. 1991);
and (2) Burgess was jointly and severally liable as a corporate
agent who knowingly converted the unremitted taxes. See Dixon V.
State, 808 S.W.2d 721 (Tex. App. 1991, no writ). 

 In his response to the motion for summary judgment,
Burgess denied liability, asserting that the United States
Bankruptcy Court for the Northern District of Texas had issued an
order discharging his debts on March 15, 1990. As summary judgment
proof Burgess submitted a copy of the discharge order and his own
affidavit stating that the State failed to file a proof of claim or
obtain a determination from the bankruptcy court that the debt was
not dischargeable. Before the summary judgment hearing Burgess
amended his answer to include the affirmative defense that his
debts had been discharged. The court granted summary judgment in
favor of the State. 

 In his second point of error, Burgess complains that the
court erred in granting summary judgment for the State because the
bankruptcy court order discharged any liability he might have had
for the taxes. The discharge order states:



1. [Burgess] is released from all personal liability for
debts existing on the date of commencement of this
case, or deemed to have existed on such
date. . . [October 30, 1989]


2. Any existing judgment or any judgment which may be
obtained in any court with respect to debts described
in paragraph 1 is null and void as a determination of
personal liability of the debtor, except: (a) Debts
determined nondischargeable by the Bankruptcy Court
pursuant to Section 523(a)(2), (4), and (6) of the
Bankruptcy Code; and (b) Debts which are
nondischargeable pursuant to [Section] 523(a)(1),
(3), (5), (7), (8), and (9) of the Bankruptcy Code.
(Emphasis added.)


3. This order does not affect any pending complaint to
have a debt declared nondischargeable pursuant to
Section 523(a)(2), (4), and (6) of the Bankruptcy
Code, nor does it prohibit filing a complaint under
section 523(a)(1), (3), (5), (7), (8), and (9) of the
Bankruptcy Code.



 In his affidavit, Burgess states, "[d]uring the
bankruptcy proceedings, the State of Texas was listed as a creditor
and no proof of claim or other evidence was filed by the State of
Texas in regard to the taxes for which they now seek collection." 
The State neither objected to the form or competency of his
affidavit nor offered controverting evidence. 

 Before it could obtain a summary judgment as a matter of
law, the State had the burden of showing that no material issue of
fact existed as to its cause of action. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). We must take
as true all evidence favorable to Burgess, the non-movant. Id. 
Additionally, we must resolve any doubts and indulge every
reasonable inference in the non-movant's favor. Id.; Bayouth v.
Lion Oil Co., 671 S.W.2d 867, 868 (Tex. 1984).

 Burgess presented summary judgment proof that his debts,
unless they were excepted from discharge pursuant to Bankruptcy
Code section 523, had been discharged. The order and
uncontroverted affidavit raise a reasonable inference that the debt
to the State had been discharged. The State offered no summary
judgment proof that the debt in issue qualified for an exception
under section 523. This fact issue precluded the State's
entitlement to judgment as a matter of law.

 In its pleadings, the State contends that Burgess is
individually liable for the taxes as a "person" under section
111.016 of the Texas Tax Code. Sworn pleadings do not constitute
summary judgment proof. Hidalgo v. Surety Sav. & Loan Assoc., 462
S.W.2d 540, 545 (Tex. 1971); Sorrells v. Giberson, 780 S.W.2d 936,
938 (Tex. App. 1989, writ denied). The State then argues that
because Burgess owes a liability for "taxes," the debt qualifies as
an exception to discharge in bankruptcy. 11 U.S.C.A. § 523(a)(1)
(West Supp. 1991). We decline to address the State's argument,
finding that this issue may be part of the proceedings upon remand
of this cause.

 The trial court did not state on which of the two grounds
it granted summary judgment for the State. We note that the
procedure for proving an exception to discharge for damages owed
for conversion varies from the statutory provision for proving an
exception to discharge for taxes owed individually. See 11
U.S.C.A. §§ 523(a)(1) and 523(a)(6) (1984 and Pamph. 1991). We
conclude that the discharge issue is relevant to both of the
State's grounds for summary judgment; therefore, neither basis will
support the summary judgment.

 We will sustain Burgess' second point of error, holding
that the court erred in granting the summary judgment in favor of
the State because the record reflects that Burgess had raised a
fact issue as to his liability for the debt. We do not hold that
the debt was discharged, but only that further proceedings are
required to determine this issue.

 Because we resolve this cause on the second point of
error, we will not address Burgess' first point of error. See Tex.
R. App. P. Ann. 90(a) (Pamph. 1991). We reverse the trial court's
judgment and remand for further proceedings. 



 
 Bea Ann Smith, Justice

[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Reversed and Remanded 

Filed: August 28, 1991

[Do Not Publish]
1. Because Rinks Oil does not appeal the judgment at this time
we will discuss the facts and pleadings of this case as they apply
to Burgess only.