**In re Ira COOLEY and Deborah Cooley, Debtors.**

Bankruptcy No. 91–49919–H3–13.

United States Bankruptcy Court, S.D. Texas, Houston Division.

Feb. 22, 1993.

S. John Mastrangelo, S. John Mastrangelo & Assoc., Houston, TX, for debtor.

Patricia L. Barsalow, Comptroller of Public Accts., Austin, TX, for the State.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

The court has considered the Debtors' Amended Motion to Determine Amount and Legality of Claim of the Comptroller of Public Accounts for the State of Texas. The following are the findings and conclusions of the court. To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any of the Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

### Findings of Fact

1. The Debtors commenced this Chapter 13 case by filing a voluntary petition on December 12, 1991.

2. The Debtors were directors and officers of USA Floors, Inc. ("the Corporation"). Debtor Ira Cooley testified that he incorporated the corporation, and served as the president of the corporation until 1987 or 1988, when he turned over the business to William Gray. He testified that the corporation sold janitorial franchises, and sold supplies wholesale to its franchisees. Gray was one of the corporation's largest franchisees.

3. Debtor further testified that after Gray took over the business, he integrated his own franchise into the business, and began to expand the company's operations. At that time, the Debtor was employed by the corporation as a traveling salesman. The Debtor was paid a salary by the corporation.

4. Debtor testified that in 1989, the business declined, and Gray disappeared, leaving debts owing to a number of entities.

5. The Comptroller assessed liability on December 2, 1991, against the Debtors for the unpaid sales and use taxes of the corporation for the period of January 1, 1987 through June 30, 1990 (Comptroller's Exhibit A).

6. The Comptroller asserts that he did not receive notice of the bankruptcy case prior to the bar date for filing claims. The court takes judicial notice that the bar date for filing a proof of claim in this case was May 26, 1992. The Comptroller did not file a proof of claim prior to the bar date.

7. The Debtors amended their schedules and mailing matrix on March 6, 1992 to add the Comptroller as a disputed creditor (Debtors' Exhibit 4). The Debtors paid a fee to the clerk of $20.00 to cover notice costs associated with the amended schedules and mailing matrix (Debtors' Exhibit 5).

8. The Debtors served the Comptroller by Certified Mail to the Houston and Austin offices with copies of pleadings filed in the bankruptcy case seeking lien avoidance and to determine the amount and legality of the tax assessment, on both February 21 and March 11, 1992.

9. The court finds that the Comptroller had actual notice of the bankruptcy case in time to timely file a proof of claim.

10. The Comptroller introduced into evidence three franchise tax reports for the corporation covering the time periods from January 17, 1986 to April 30, 1988, May 1, 1988 to April 30, 1989, and May 1, 1989 to April 30, 1990 (Comptroller's Exhibits G, H, and I).

11. The parties agree that the corporate privileges of USA Floors, Inc. were forfeited for failure to pay franchise taxes on March 15, 1990. (See Docket No. 47, at 1; Docket No. 48, at 2).

### Conclusions of Law

■ 1. With exceptions not applicable to this case, the court may determine the

amount and legality of any tax. 11 U.S.C. § 505(a)(1).

■ 2. Statutes making directors and officers liable for corporate debts must be strictly construed and cannot be extended beyond the clear meaning of their language. *Wilburn v. State*, 824 S.W.2d 755 (Tex. App.—Austin 1992, no writ).

3. Section 111.016 of the Texas Tax Code provides:

> Any person who receives or collects a tax or any money represented to be a tax from another person holds the amount so collected in trust for the benefit of the state and is liable to the state for the full amount collected plus any accrued penalties and interest on the amount collected.

Tex.Tax Code Ann. § 111.016.

■ 4. The individual liability of a corporate officer or director under Section 111.016 is limited to the amount actually collected by the officer. The state is required to prove actual receipt or collection of the tax. *N.S. Sportswear, Inc. v. State*, 819 S.W.2d 230 (Tex.App.—Austin 1991, no writ); *Dixon v. State*, 808 S.W.2d 721 (Tex.App.—Austin 1991, writ dism'd).

5. The Comptroller failed to offer any competent evidence showing that the Debtors received or collected any taxes. The only evidence properly before the court is that the Debtors turned over the corporation to Gray, and did not conduct business to which a sales tax would apply. The court concludes that the Debtors are not individually liable for the taxes of the corporation under Section 111.016 of the Texas Tax Code.

6. Section 171.255 of the Texas Tax Code provides that each director or officer of a corporation whose corporate privileges are forfeited for failure to file a report or pay a tax or penalty is liable for each debt of the corporation, including tax debts. Tex.Tax Code Ann. § 171.255 (West 1992).

■ 7. Officers' and directors' liability for payment of the debts of the corporation attaches to debts created or incurred after the date franchise taxes were due. *Wilburn v. State*, 824 S.W.2d at 762. Based on the parties' contentions that the corporation for-

feited its corporate privileges on March 15, 1990, the court concludes that franchise taxes were due on that date.

8. Sales and use taxes are due and payable on or before the 20th day of the month following the end of each calendar month. Tex.Tax Code Ann. § 151.401 (West 1992). Tax reports are due on the same date. Tex. Tax Code Ann. § 151.402 (West 1992). However, there is no competent proof before the court of the sales tax liability of the corporation incurred after the date franchise taxes were due. Based on the rule of construction elaborated in *Wilburn v. State*, the court concludes that the Debtors are not individually liable for the sales taxes of the corporation under Section 171.255 of the Texas Tax Code.

Based on the foregoing, a separate conforming Judgment will be entered.

### *JUDGMENT*

Based on the separate Memorandum Opinion signed this same day, it is

ORDERED that the Debtors are not liable for the taxes assessed against them by the Comptroller of Public Accounts of the State of Texas as directors or officers, of USA Floors, Inc., and it is further

ORDERED that the Debtors are not liable for the taxes assessed against them by the Comptroller of Public Accounts of the State of Texas for collection or receipt of trust fund sales taxes by USA Floors, Inc.