Clark 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-042-CV





GARY W. CLARK,



 APPELLANT


vs.





STATE OF TEXAS AND CITY OF GEORGETOWN, TEXAS,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 92-03128, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING



 





INTRODUCTION


 The State of Texas and the City of Georgetown, Texas (collectively "the State"),
sued Lackey & Clark Oil Company ("the Corporation") and Gary W. Clark ("Clark"), an officer
and director of the Corporation, to recover gasoline, diesel fuel, and sales taxes that the business
collected, but did not remit to the State. The State based its theory of recovery solely on Section
111.016 of the Texas Tax Code (hereinafter "the trust fund provision"). Tex. Tax Code Ann. §
111.016 (West 1992). The Corporation did not appear for trial and suffered a default judgment. 
The suit against Clark was tried to the court on an agreed statement of facts. See Tex. R. Civ.
P. 263. The trial court rendered judgment against the defendants, holding the Corporation and
Clark jointly and severally liable for the unpaid taxes. Clark challenges the trial court's judgment,
arguing that an individual other than the taxpayer may not be held liable under the trust fund
provision for the taxpayer's unpaid taxes. We will affirm.



THE CONTROVERSY


 Between 1985 and 1990, the Corporation made taxable sales of gasoline and diesel
fuel in the State of Texas. The Corporation collected gasoline, diesel fuel, and sales taxes from
these sales, but failed to remit the collected taxes to the Comptroller of Public Accounts of the
State of Texas. Specifically, the Corporation failed to remit the following taxes: gasoline tax for
the period beginning December 1, 1985, through December 31, 1989; diesel fuel tax for the
period beginning December 1, 1989, through June 30, 1990; and sales tax for the period
beginning August 1, 1990, through December 31, 1990. The tax receipts were deposited in the
Corporation's bank account, unsegregated from the Corporation's other funds, then disbursed to
entities other than the State.

 Appellant Clark, an officer and director of the Corporation, supervised the
collection and disbursal of the tax receipts. Clark had actual knowledge that the Corporation had
collected the taxes; he consented to and approved of their collection. Further, Clark controlled
the Corporation's management and finances, signed checks and otherwise handled the
Corporation's bank account in his capacity as officer and/or director, and authorized payment of
the tax receipts to entities other than the State.

 On March 9, 1992, the State filed suit against the Corporation, Clark, and Glenda
J. Clark, Clark's wife, who was also a corporate officer. In its initial petition, the State sought
to recover the tax receipts, with penalties and interest, based on two theories: common law
conversion, based on this Court's decision in Dixon v. State, 808 S.W.2d 721 (Tex. App.--Austin
1991, writ dism'd w.o.j.), and statutory liability under the trust fund provision.

 On June 17, 1992, the Corporation, Clark, and Glenda Clark filed a petition for
bankruptcy under Chapter 7 of the Bankruptcy Code. See 11 U.S.C. § 701 et seq. (1988 & Supp.
III 1991). The State did not file a complaint in the bankruptcy proceeding objecting to the
discharge or dischargeability of debt of either Gary or Glenda Clark. See 11 U.S.C. § 523 (1988
& Supp. III 1991) (permitting creditors to file an objection to discharge in bankruptcy
proceedings). The bankruptcy court discharged the Corporation and the Clarks on October 21,
1992. Soon after this, but prior to trial, the State amended its petition to drop the conversion
cause of action. (1) The State also non-suited its claims against Glenda Clark.

 The Corporation did not appear for trial and suffered a default judgment. The suit
against Clark was tried to the court on an agreed statement of facts. See Tex. R. Civ. P. 263. 
The amount of the tax liability was not in dispute. The sole issue was whether Clark could be
held individually liable for the Corporation's unpaid taxes under the trust fund provision. On
December 17, 1992, the trial court rendered judgment against the defaulting Corporation, and
against Clark based on the agreed statement of facts, holding them jointly and severally liable for
the unpaid taxes.

 Clark appeals the trial court's judgment. His single point of error is that the trial
court erred in holding him individually liable under the trust fund provision for the taxes that the
Corporation failed to remit to the State.

 Clark argues that the trust fund provision only imposes liability on the Corporation
for the taxes collected, but not remitted to the State. Though the broad language of the trust fund
provision is that "any person who receives or collects a tax . . . is liable to the State for the full
amount collected," Tex. Tax Code Ann. § 111.016 (West 1992) (emphasis added), Clark argues
that the phrase "any person" refers only to the taxpayer, in this case the Corporation. Clark
points out that the Tax Code appears to use the terms "person" and "taxpayer" interchangeably
in various other provisions. Clark contends that the term "person" does not necessarily refer to
an individual person, pointing to the Code Construction Act's broad definition of the term: 
"`Person' includes corporation, organization, governmental or government subdivision or agency,
business trust, estate, trust, partnership, association, and any other legal entity." Tex. Gov't Code
Ann. § 311.005(2) (West 1988 & Supp. 1993). Finally, Clark argues that construing "any
person" to include individuals other than the taxpayer would lead to unconscionable results: 
"[T]he cashier at the grocery store or the attendant at the filling station can be held personally
liable for the tax."

 The State responds that the phrase "any person" in the trust fund provision should
be read literally. The State argues that if the Legislature had intended to hold only the taxpayer
liable for the collected tax, the statute would have read "any taxpayer." The State further argues
that reading "any person" as referring only to the taxpayer would render the trust fund provision
meaningless because the taxpayer is already obligated to remit the taxes it collects by the specific
provisions governing the collection of gasoline, diesel fuel, and sales taxes. See Tex. Tax Code
Ann. §§ 151.052 (sales tax), 153.105 (gasoline tax), 153.206 (diesel fuel tax) (West 1992). The
State concedes that a literal interpretation would produce unconscionable results. To avoid this,
the State urges that we should read the trust fund provision as imposing liability only on "any
responsible person."



 DISCUSSION


 In this appeal, we must resolve only the issue of whether Clark may be held
personally liable under the trust fund provision. The trust fund provision reads as follows:



Any person who receives or collects a tax or any money represented to be a tax
from another person holds the amount so collected in trust for the benefit of the
state and is liable to the state for the full amount collected plus any accrued
penalties and interest on the amount collected.



Tex. Tax Code Ann. § 111.016 (West 1992). Our decision in Dixon v. State controls the
resolution of this appeal.

 In Dixon, we confronted an almost identical fact pattern. The appellant, Dixon,
was president and director of the corporate taxpayer, (2) and had actual knowledge that taxes had
been collected and commingled with the corporation's operating account. Dixon, or those
answerable to him, commingled the tax money with the corporation's accounts. Dixon also was
the only person who could authorize checks to be written on the corporation's accounts, and
admitted that he had authorized payment of the tax receipts to entities other than the State. Dixon,
808 S.W.2d at 723. The State sued the corporation and Dixon under two theories: common law
conversion and statutory liability under the trust fund provision. The trial court granted the
State's summary judgment motion, holding both the corporation and Dixon personally liable.

 Limiting our holding to the specific facts of the case in Dixon, we held that Dixon
had committed the common law tort of conversion "by instigating, aiding, or abetting [the
corporate taxpayer] in spending the State's tax money for purposes other than the payment of
taxes," and was therefore jointly and severally liable for the tax liability of the corporation. Id.
at 724. We declined to rule in Dixon on whether "Dixon as an individual was, in addition to the
corporate taxpayer . . . a trustee of the State's tax money under § 111.016 of the Texas Tax
Code." Id.

 However, we recognized in Dixon that the trust fund provision imposes on the
taxpayer a fiduciary duty to hold tax dollars that it receives or collects "in trust for the benefit of
the state." Id. at 723 (quoting Tex. Tax Code Ann. § 111.016 (West 1992)). We cited with
approval cases holding a corporate officer liable for torts committed by the corporation through
him, id. (citing Gardner Mach. Corp. v. U.C. Leasing, Inc., 561 S.W.2d 897, 899 (Tex. Civ.
App.--Beaumont 1978, writ dism'd); McCollum v. Dollar, 213 S.W. 259, 261 (Tex. Comm'n App.
1919, holding approved)), and cases holding a corporate officer individually liable for
commingling and converting the trust funds of another, thereby causing the corporation to breach
its fiduciary duty owed as an agent to its principal. Id. (citing Gardner, 561 S.W.2d at 900;
Searle-Taylor Mach. Co. v. Brown Oil Tools, Inc., 512 S.W.2d 335, 338 (Tex. Civ.
App.--Houston [1st Dist.] 1974, writ ref'd n.r.e.)). Thus, while it is the corporation, as taxpayer,
that owes the State a fiduciary duty to hold the tax receipts in trust, we held that an officer of the
corporation could be held individually liable based upon his own tortious conduct. Id. at 724.

 Neither party disputes the following, which is reflected in their agreed statement
of facts: Clark was an officer and director of the Corporation; Clark signed the business's checks
and otherwise handled the Corporation's bank accounts; Clark, or those under his control,
deposited the tax money into the Corporation's bank account without segregating it from the
Corporation's assets; Clark was in control of the Corporation's finances; and Clark authorized
payment of the tax money to entities other than the Comptroller of Public Accounts. Applying
Dixon to these facts, we affirm the trial court's judgment that, under the trust fund provision of
the Tax Code, Clark is individually liable for his actions.

 The State wishes us to adopt a literal interpretation of the trust fund provision, that
"any person" refers not just to the taxpayer, but to any individual employed by the taxpayer. The
State then asks us to hold Clark individually liable by including him within this definition. In
determining the meaning of a statute, we must consider the entire act, its nature and objective, and
the consequences that would follow from a given construction. Sharp v. House of Lloyd, Inc.,
815 S.W.2d 245, 249 (Tex. 1991). "Interpretations of statutes which would produce absurd
results are to be avoided." Id. (citing McKinney v. Blankenship, 282 S.W.2d 691, 698 (Tex.
1955)). The State concedes that a literal interpretation would lead to unconscionable results,
potentially subjecting all employees of a taxpayer to liability for the business's tax receipts. As
Clark correctly argues, if the language "any person who receives or collects a tax" is read
literally, it would encompass the cashier at the checkout stand and the attendant who pumps gas
at the service station. To save their "literal" interpretation from extending tax liability without
limits, the State would have us read "any person" as meaning "any responsible person." We
decline to judicially amend the legislative enactment by adding the term "responsible" to the
statute.

 All parties concede that the term "person" includes the corporate taxpayer in this
case. (3) We need not read the term any more broadly to resolve this case. The trust fund provision
establishes the standard of care to which the taxpayer is held when holding the tax money it has
collected. The taxpayer, in this case the Corporation, "holds the amounts so collected in trust for
the benefit of the State." Tex. Tax Code Ann. § 111.016 (West 1992). As trustee, the
Corporation owed a fiduciary duty to the State to hold the tax receipts it collected. Dixon, 808
S.W.2d at 723. However, a corporation is a "person" only in a legal sense. The corporation
must act through its agents. (4) If the corporation breaches its fiduciary duty, it does so because of
the conduct of an agent of the corporation. We simply hold in this case that Clark's admitted
conduct as the Corporation's agent renders him individually liable. (5) Accordingly, we affirm the
district court's final judgment imposing joint and several tax liability on the Corporation and Gary
W. Clark individually.



 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: October 13, 1993

Do Not Publish

1.   Had the State not dropped its conversion cause of action, this case would have been
a virtual mirror image of Dixon v. State, 808 S.W.2d 721 (Tex. App.--Austin 1991, writ
dism'd w.o.j.), discussed in detail infra.
2.   Throughout this opinion, we refer to the party whose statutory duty it is to collect
and remit the taxes at issue as the "taxpayer." While it is the consumer that actually pays
the taxes, both the seller and the purchaser are considered taxpayers, since either may be
held liable for the unpaid taxes. Additionally, under Texas law, sales and use taxes are
considered a tax on the transaction. Bullock v. Foley Bros. Dry Goods Corp., 802 S.W.2d
835, 838 (Tex. App.--Austin 1990, writ denied) (citing Calvert v. Canteen Co., 371 S.W.2d
556, 558 (Tex. 1963)).
3.   Reading the term "any person" to refer only to the taxpayer, as advocated by
Appellant, does not render the trust fund provision surplusage, as argued by the State. 
The Tax Code provisions that deal specifically with the sales, gasoline, and diesel fuel
taxes do not impose a uniform duty of care on the tax-collecting taxpayer to hold the tax
receipts, and certainly do not impose a "fiduciary duty" as does the trust fund provision. 
See Tex. Tax Code Ann. §§ 151.051 (sales tax), 153.101 (gasoline tax), and 153.201 (diesel
fuel tax) (West 1992).
4.   Clark admits that he acted as an agent for the corporation.
5.   We emphasize that Clark's liability under the trust fund provision arises from his
conduct, not from his status as a corporate officer and director. We decline, once again, to
reach the question of whether a corporate officer or director can be held individually liable
solely on the basis of such status.