TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00162-CV






Yousef I. Abuteir, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 99-05326, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 Yousef I. Abuteir ("appellant") appeals from a district court judgment that ordered
him to pay to the Comptroller of Public Accounts of the State of Texas ("the Comptroller")
delinquent motor fuels taxes, penalties, and interest. We will affirm.


Background

 In 1988, the Comptroller began conducting an audit of appellant's convenience store
business operations regarding the sale of motor fuel. On June 18, 1993, the Comptroller issued
a Texas Notice of Tax Due to appellant and assessed a total of $2,386,468.31 for tax, penalty, and
interest for the taxing period August 1 through December 31, 1988. On July 19, 1993, appellant
timely requested an administrative redetermination hearing to dispute the audit findings. Prior to
his hearing, the Comptroller assessed appellant an additional 75% fraud penalty. During the
redetermination hearing, the administrative law judge ("ALJ") upheld the audit assessment,
including the 75% fraud penalty. However, the Comptroller was required to approve the ALJ's
decision before it would take effect. See 34 Tex. Admin. Code § 1.28(a) (2000). On March 13,
1995, while his appeal was still pending, appellant filed for bankruptcy in the United States
Bankruptcy Court for the Southern District of Texas, Houston Division. On September 12, 1995,
his bankruptcy case was closed. On November 12, 1997, the Comptroller approved and adopted
the recommendations of the ALJ. On May 7, 1999, the State of Texas ("the State") filed suit
against appellant to collect the taxes, penalties, and interest for which he was delinquent. The
district court rendered judgment for the State for the full amount it sought. Appellant brings this
appeal, raising two issues. First, he asserts that the State's action is barred by the statute of
limitations. Second, he argues that the taxes, penalties, and interest were discharged by his
intervening bankruptcy.


Discussion

A. Statute of Limitations

 The motor fuels taxes that the State seeks to collect from appellant are imposed by
title 2 of the Texas Tax Code ("the Tax Code"). See Tex. Tax Code Ann. § 153.101 (West 1992). 
Section 111.201 of the Tax Code provides that "[n]o tax imposed by this title may be assessed after
four years from the date that the tax becomes due and payable." Id. § 111.201 (West Supp. 2000). 
Section 111.202 of the Tax Code provides that "[a]t any time within three years after a deficiency
or jeopardy determination has become due and payable . . . the comptroller may bring an action
in the courts . . . to collect the amount delinquent together with penalties and interest." Id.
§ 111.202 (West 1992).

 Appellant asserts that the district court erred because it failed to find that the
collection of taxes, penalties, and interest was prohibited by the statute of limitations as set forth
in sections 111.201 and 111.202 of the Tax Code. It is undisputed that the taxes which the State
seeks to collect in this action are for the final six months of 1988. Appellant contends that those
taxes became due and payable on January 25, 1989.(1) See id. § 153.118(a) (West Supp. 2000). 
Appellant reads sections 111.201 and 111.202 together and concludes that there is a total
limitations period of seven years, four years for assessment and three years for filing suit. Thus,
he maintains that the State had to file its suit against him by January 1996. Since the State did not
file its suit until May 7, 1999, appellant argues that the statute of limitations had run.

 Contrary to appellant's view, we rely on section 111.207(a)(3) of the Tax Code to
hold that the statute of limitations had not run. See id. § 111.207(a)(3) (West 1992). Section
111.207(a)(3) states, "[i]n determining the expiration date for a period when a tax imposed by this
title may be assessed or collected, the following periods are not considered: . . . the period during
which an administrative proceeding is pending before the comptroller for a redetermination of the
tax liability." Id. Therefore, the limitations period was tolled from July 19, 1993, when appellant
requested a redetermination hearing, through November 12, 1997, the date when the Comptroller
approved the ALJ's recommendations. Because the three-year suit limitations began to run on
November 12, 1997, it would not have expired until November, 12, 2000, well after the State
initiated this suit. Based on our reading of the Tax Code and the procedural history in this case,
the State was not barred by limitations from bringing this suit.


B. Impact of Bankruptcy Proceedings

 Appellant argues that the district court erred in rendering judgment for the State in
the full amount of $5,601,544.63 because the taxes, penalties, and interest for which he was once
liable were discharged by his bankruptcy proceedings.


 1. Tax Analysis

 Appellant argues that the motor fuels taxes are dischargeable because: (1) motor
fuels taxes are not trust fund taxes, and (2) the State did not participate in the bankruptcy hearing. 
In the alternative, he argues that even if the taxes are trust fund taxes, the court should follow the
lowest intermediate balance rule. We reject these contentions.

 The United States Bankruptcy Court for the Southern District of Texas, Houston
Division, granted appellant a general discharge under chapter seven of the United States
Bankruptcy Code ("the Bankruptcy Code"). The Bankruptcy Code states that a general discharge
"does not discharge an individual debtor from any debt for a tax . . . of the kind and for the
periods specified in section . . . 507(a)(8) of this title . . . ." 11 U.S.C.A. § 523(a)(1)(A) (West
Supp. 2000). The taxes enumerated in section 507(a)(8) are unsecured claims of governmental
units that are "required to be collected or withheld and for which the debtor is liable in whatever
capacity . . . ." Id. § 507(a)(8)(C) (West Supp. 2000). In plain language, section 507(a)(8)(C)
of the Bankruptcy Code says that if the government tax is a trust fund tax, it is not dischargeable.

 Section 111.016 of the Tax Code reads, "[a]ny person who receives or collects a
tax . . . from another person holds the amount so collected in trust for the benefit of the state and
is liable to the state for the full amount collected plus any accrued penalties and interest on the
amount collected." Tex. Tax Code Ann. § 111.016(a) (West Supp. 2000). This Court has relied
on section 111.016 to hold, on numerous occasions, that taxes collected on behalf of the State are
trust fund taxes. See State v. Mink, 990 S.W.2d 779, 783 (Tex. App.--Austin 1999, pet. denied);
Stoker Mgmt., Inc. v. Sharp, 958 S.W.2d 286, 288 (Tex. App.--Austin 1997, pet. denied); Davis
v. State, 904 S.W.2d 946, 953 (Tex. App.--Austin 1995, no writ); Dixon v. State, 808 S.W.2d
721, 723 (Tex. App.--Austin 1991, writ dism'd w.o.j.). While most of these cases involved state
sales taxes, Dixon established that motor fuels taxes are trust fund taxes. Dixon, 808 S.W.2d at
723. Additionally, a fiduciary relationship exists between the State, as principal, and the
corporation, as agent, for the tax money that the corporation collects on behalf of the State under
section 111.016 of the Tax Code. Dixon, 808 S.W.2d at 723. The motor fuels tax sought by the
State in this case is a trust fund tax, and thus appellant's tax liability was not dischargeable in the
bankruptcy proceedings.

 Our conclusion does not change even though the State did not participate in
appellant's bankruptcy proceedings. Section 523(a)(1)(A) of the Bankruptcy Code says that trust
fund taxes due to the government are not dischargeable "whether or not a claim for such tax was
filed" in the bankruptcy proceeding. 11 U.S.C.A. § 523(a)(1)(A). The State did not need to
participate in appellant's bankruptcy hearing to maintain its claim in this case.

 Appellant's alternative theory, that the court must follow the lowest intermediate
balance rule, likewise does not change our conclusion. Appellant cites In re Al Copeland
Enterprises, Inc., 133 B.R. 837 (Bankr. W.D. Tex. 1991) to support the proposition that the State
was limited to collecting the total amount of his cash assets in his bankruptcy proceedings, or,
$50. In Copeland, the bankruptcy court held that the State could collect the full amount of the
trust fund tax due because the debtor had sufficient funds on hand equal to or in excess of the
amount owed to the State: (1) at all times between the date that the debtor collected the taxes and
the date he filed for bankruptcy, and (2) on the date the debtor filed for bankruptcy. Id. at 839. 
However, this case is distinguishable. Copeland was an original chapter eleven corporate
bankruptcy proceeding in which the State sought to collect the principal and interest for sales taxes
that came due after the bankruptcy petition had been filed. Here we are reviewing a district court
judgment in a suit in which the State seeks to collect a non-dischargeable obligation after the
closure of a chapter seven individual bankruptcy proceeding. The bankruptcy court in appellant's
case explicitly set out which debts would be dischargeable, in its Discharge of Debtor. The court
neither discharged the State's claim of motor fuels taxes, penalties, and interest, nor limited the
State's recovery.

 The taxes in dispute were not discharged by the bankruptcy proceedings, and the
district court did not err in holding appellant liable for those taxes.


 2. Penalty Analysis

 Penalties are generally dischargeable under the Bankruptcy Code. See 11 U.S.C.A
§ 727(b) (West 1993). However the statute provides an exception to discharge as follows: 


[T]o the extent such debt is for a fine, penalty, or forfeiture payable to and for the
benefit of a governmental unit, and is not compensation for actual pecuniary loss,
other than a tax penalty-


(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or


(B) imposed with respect to a transaction or event that occurred before three years
before the date of the filing of the petition . . . .



11 U.S.C.A. § 523(a)(7)(A), (B) (West 1993). Appellant argues that the penalties assessed by the
State are dischargeable under section 523(a)(7) because the following three criteria must be met
in order to find an exception to discharge: (1) the penalty must be compensatory; (2) the penalty
must relate to a non-dischargeable tax; and (3) the penalty must relate to a transaction that
occurred within three years before filing the bankruptcy petition.

 Contrary to the appellant's reading of section 523(a)(7), the statute does not set
forth three independent criteria, all of which must be met in order to avoid discharge. Rather, the
statute establishes a preliminary threshold, followed by two criteria, either one of which renders
the penalty non-dischargeable.

 The threshold question in determining the dischargeability of a penalty is whether
it is compensatory or punitive. Appellant contends that compensatory penalties are not
dischargeable; however, the opposite is true. Compensatory penalties are dischargeable, but
punitive penalties are not dischargeable.(2) In this case, the penalties are punitive. The initial 10%
penalty seems to have been charged for failure to pay motor fuels taxes on time. The Comptroller
assessed the 75% fraud penalty as punishment for alleged fraud under section 153.401(c) of the
Tax Code. See Tex. Tax Code Ann. § 153.401(c) (West Supp. 2000). Furthermore, the
Comptroller did not introduce evidence into the record to suggest that the penalties were assessed
to compensate the agency for the costs associated with conducting the audit or other administrative
functions. Since the penalties were punitive, not compensatory, the initial threshold to except
discharge has been crossed.

 Having crossed the preliminary threshold, we must now evaluate whether the
penalty in this case either related to a non-dischargeable tax or was imposed within three years of
appellant filing for bankruptcy. 11 U.S.C.A. § 523(a)(7)(A), (B). Appellant argues that both
criteria must be met. However, courts have ruled otherwise.


A tax penalty is discharged if the tax to which it relates is discharged (in the precise
terms of the statute, not non-dischargeable) or if the transaction or event giving rise
to the penalty occurred more than three years prior to the filing of the bankruptcy
petition. Since the statute uses the disjunctive, a tax penalty that does not qualify
for discharge under one of the two aforementioned circumstances may still qualify
under the other.



Burns v. United States, 887 F.2d 1541, 1544 (11th Cir. 1989) (emphasis added). We have already
determined that the taxes were not dischargeable because they were trust fund taxes. Since the
penalties were related to a non-dischargeable tax, the penalties were also non-dischargeable. 
Thus, it is unnecessary for us to consider whether the penalties were imposed within three years
of the time that appellant filed for bankruptcy.

 The penalties were not discharged by the bankruptcy proceedings, and the district
court did not err in holding appellant liable for those penalties.


 3. Interest Analysis

 Because we have found that both the taxes and the penalties were not dischargeable,
there is no need to discuss the dischargeability of interest. The interest was attached to the taxes
and penalties and thus was not dischargeable.


Conclusion

 Having found that the State was not barred by the statute of limitations to bring this
suit and that the taxes, penalties, and interest were not discharged by the bankruptcy proceedings,
the district court did not err in its judgment for the State. We affirm the district court's judgment.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Yeakel

Affirmed

Filed: December 7, 2000

Do Not Publish

1. Although appellant did not articulate this argument in his brief, he argued the point in oral
argument.
2. See In re Zarynski, 771 F.2d 304, 306 (7th Cir. 1985). See also James E. Lockhart, J.D.,
Annotation, Debts Arising from Penalties as Exceptions to Bankruptcy Discharge Under Sections
523(a)(7), (13), and 1328(a) of Bankruptcy Code of 1978, 150 A.L.R. Fed. 159 (1999).


ore three years
before the date of the filing of the petition . . . .



11 U.S.C.A. § 523(a)(7)(A), (B) (West 1993). Appellant argues that the penalties assessed by the
State are dischargeable under section 523(a)(7) because the following three criteria must be met
in order to find an exception to discharge: (1) the penalty must be compensatory; (2) the penalty
must relate to a non-dischargeable tax; and (3) the penalty must relate to a transaction that
occurred within three years before filing the bankruptcy petition.

 Contrary to the appellant's reading of section 523(a)(7), the statute does not set
forth three independent criteria, all of which must be met in order to avoid discharge. Rather, the
statute establishes a preliminary threshold, followed by two criteria, either one of which renders
the penalty non-dischargeable.

 The threshold question in determining the dischargeability of a penalty is whether
it is compensatory or punitive. Appellant contends that compensatory penalties are not
dischargeable; however, the opposite is true. Compensatory penalties are dischargeable, but
punitive penalties are not dischargeable.(2) In this case, the penalties are punitive. The initial 10%
penalty seems to have been charged for failure to pay motor fuels taxes on time. The Comptroller
assessed the 75% fraud penalty as punishment for alleged fraud under section 153.401(c) of the
Tax Code. See Tex. Tax Code Ann. § 153.401(c) (West Supp. 2000). Furthermore, the
Comptroller did not introduce evidence into the record to suggest that the penalties were assessed
to compensate the agency for the costs associated with conducting the audit or other administrative
functions. Since the penalties were punitive, not compensatory, the initial threshold to except
discharge has been crossed.

 Having crossed the preliminary threshold, we must now evaluate whether the
penalty in this case either related to a non-dischargeable tax or was imposed within three years of
appellant filing for bankruptcy. 11 U.S.C.A. § 523(a)(7)(A), (B). Appellant argues that both
criteria must be met. However, courts have ruled otherwise.


A tax penalty is discharged if the tax to which it relates is discharged (in the precise
terms of the statute, not non-dischargeable) or if the transaction or event giving rise
to the penalty occurred more than three years prior to the filing of the bankruptcy
petition. Since the statute uses the disjunctive, a tax penalty that does not qualify
for discharge under one of the two aforementioned circumstances may still qualify
under the other.



Burns v. United States, 887 F.2d 1541, 1544 (11th Cir. 1989) (emphasis added). We have already
determined that the taxes were not dischargeable because they were trust fund taxes. Since the
penalties were related to a non-dischargeable tax, the penalties were also non-dischargeable. 
Thus, it is unnecessary for us to consider whether the penalties were imposed within three years
of the time that appellant filed for bankruptcy.

 The penalties were not discharged by the bankruptcy proceedings, and the district
court did not err in holding appellant liable for those penalties.


 3. Interest Analysis

 Because we have found that both the taxes and the penalties were not dischargeable,
there is no need to discuss the dischargeability of interest. The interest was attached to the taxes
and penalties and thus was not dischargeable.


Conclusion

 Having found that the State was not barred by the statute of limitations to bring this
suit and that the taxes, penalties, and interest were not discharged by the bankruptcy proceedings,
the district court did not err in its judgment for the State. We affirm the district court's judgment.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Yeakel

Affirmed

Filed: December 7, 2000

Do Not Publish

1. Although appellant did not articulate this argument in his brief, he argued the point in oral
argument.
2. See In re Zarynski, 771 F.2d 304, 306 (7th Cir. 1985). See also James E. Lockhart, J.D.,
Annotation, Debts Arising from Penalties as Exceptions to Bankruptcy Discharge Under Sections
523(a)(7), (13), and 1328(a) of Bankruptcy Code of 1978, 150 A.L.R. Fed. 159 (1999).


ore three years
before the date of the filing of the petition . . . .



11 U.S.C.A. § 523(a)(7)(A), (B) (West 1993). Appellant argues that the penalties assessed by the
State are dischargeable under section 523(a)(7) because the following three criteria must be met
in order to find an exception to discharge: (1) the penalty must be compensatory; (2) the penalty
must relate to a non-dischargeable tax; and (3) the penalty must relate to a transaction that
occurred within three years before filing the bankruptcy petition.

 Contrary to the appellant's reading of section 523(a)(7), the statute does not set
forth three independent criteria, all of which must be met in order to avoid discharge. Rather, the
statute establishes a preliminary threshold, followed by two criteria, either one of which renders
the penalty non-dischargeable.

 The threshold question in determining the dischargeability of a penalty is whether
it is compensatory or punitive. Appellant contends that compensatory penalties are not
dischargeable; however, the opposite is true. Compensatory penalties are dischargeable, but
punitive penalties are not dischargeable.(2) In this case, the penalties are punitive. The initial 10%
penalty seems to have been charged for failure to pay motor fuels taxes on time. The Comptroller
assessed the 75% fraud penalty as punishment for alleged fraud under section 153.401(c) of the
Tax Code. See Tex. Tax Code Ann. § 153.401(c) (West Supp. 2000). Furthermore, the
Comptroller did not introduce evidence into the record to suggest that the penalties were assessed
to compensate the agency for the costs associated with conducting the audit or other administrative
functions. Since the penalties were punitive, not compensatory, the initial threshold to except
discharge has been crossed.

 Having crossed the preliminary threshold, we must now evaluate whether the
penalty in this case either related to a non-dischargeable tax or was imposed within three years of
appellant filing for bankruptcy. 11 U.S.C.A. § 523(a)(7)(A), (B). Appellant argues that both
criteria must be met. However, courts have ruled otherwise.


A tax penalty is discharged if the tax to which it relates is discharged (in the precise
terms of the statute, not non-dischargeable) or if the transaction or event giving rise
to the penalty occurred more than three years prior to the filing of the bankruptcy
petition. Since the statute uses the disjunctive, a tax penalty that does not qualify
for discharge under one of the two aforementioned circumstances may still qualify
under the other.