# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00859-CV

---

**Joseph Sprague, Appellant**

v.

**James River Insurance Company, Appellee**

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-001768, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Joseph Sprague appeals the take-nothing summary judgment rendered in his suit against James River Insurance Company (Company), his underinsured-motorist insurance (UIM) carrier. The trial court granted Company's two no-evidence summary-judgment motions and its traditional summary-judgment motion. Sprague contends that the trial court erred in granting summary judgment against his claims because he raised fact issues on the breach-of-duty and proximate-cause elements of his claims and because the trial court granted more relief than requested when granting the no-evidence motion for partial summary judgment as to Sprague's post-acute care needs. We will affirm the judgment.

## BACKGROUND

Sprague alleged that he was injured on or about September 9, 2015, while driving northbound on Interstate Highway 35 when his vehicle was struck by a tire. Sprague said that he

did not know where the tire came from. A police officer concluded that the tire detached from the truck or a trailer operated by underinsured motorist Juan Delgado, who was driving southbound.

Delgado testified at his deposition that a tire that an auto shop had not properly secured detached from his truck. He said that, after talking with a police officer, he found the tire beside the same southbound lanes he was driving on. He denied that his tire crossed the highway median, and testified that he had the tire he found on the roadside put back on his truck and used that tire for the next year or two until he sold his truck. Delgado's liability insurance carrier tendered its policy limits to Sprague, and Company consented to the settlement.

Sprague sued Company on April 21, 2017, seeking declarations that would entitle him to recover under his UIM policy, including that Delgado's negligence proximately caused him damages. He sought recovery for physical pain, physical impairment, mental anguish, medical expenses, and out-of-pocket costs.

More than two years after suit was filed and about four years after the accident, Company filed three motions for summary judgment: (1) a no-evidence motion filed on September 6, 2019, urging that there was no evidence that Delgado breached a duty to Sprague or that Delgado was the proximate cause of Sprague's damages; (2) a traditional motion filed on September 13, 2019, asserting that Company proved that Delgado did not breach a duty to Sprague and that, if he did, such breach was not the proximate cause of Sprague's injuries; and (3) a no-evidence motion for partial summary judgment also filed on September 13, 2019, urging that Sprague had no evidence that the accident caused Sprague's extensive and chronic-care needs related to a degenerative cervical-spine condition.

On October 3, 2019, Sprague filed responses to the traditional motion for summary judgment and to a no-evidence motion for summary judgment, though it is not clear whether Sprague responded to one or both no-evidence motions.

The trial court signed separate orders granting the three motions for summary judgment without specifying which of the bases asserted in the motions supported the orders.

## STANDARD OF REVIEW

A no-evidence summary-judgment motion asserts that no evidence exists as to at least one essential element of the non-movant's claims on which the non-movant would have the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i); *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020). Upon the filing of a no-evidence motion, the burden shifts to the non-movant to produce evidence that raises a genuine issue of material fact on each challenged element of its claims. *See* Tex. R. Civ. P. 166a(i); *B.C.*, 598 S.W.3d at 259. A trial court properly grants a defendant's no-evidence motion for summary judgment if the plaintiff produces no more than a scintilla of evidence on an essential, challenged element of the cause of action—that is, if the plaintiff's evidence does not rise to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). We view the evidence in the light most favorable to the non-movant and indulge every reasonable inference and resolve all doubts against the motion. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). We must affirm if any of the movant's grounds for summary judgment has merit. *See Texas Workers' Comp. Comm'n v. Patient Advocs*, 136 S.W.3d 643, 648 (Tex. 2004); *Dixon v. State*, 808 S.W.2d 721, 723 (Tex. App.—Austin 1991, writ dism'd w.o.j.).

## DISCUSSION

By issue one, Sprague asserts that the trial court erred by granting both the no-evidence and traditional motions for summary judgment because his summary-judgment evidence raised genuine issues of material fact regarding the elements Company challenged: breach of duty and proximate cause. He contends by issue two that the trial court's order on Company's separate no-evidence motion on causation erroneously grants more relief than Company requested. By issue three, he broadly contends that the trial court erred by granting summary judgment. We will focus on the causation element of the first no-evidence summary judgment, which invokes issues one and three.

Sprague sought a declaratory judgment that Delgado is underinsured and caused Sprague's damages through negligence. Common-law negligence claims have three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990); *Pawlik v. Cont'l Props., Inc.*, No. 03-19-00831-CV, 2021 WL 2964265, at *2 (Tex. App.—Austin July 15, 2021, no pet.) (mem. op.). Sprague pleaded that Delgado's negligence caused Delgado's tire to collide with Sprague's car, which caused Sprague bodily injuries and damages including past and future medical expenses, past and future physical pain and suffering, past and future mental anguish, physical impairment, out-of-pocket expenses, and interest and court costs.

In its first no-evidence motion, Company asserted in part that Sprague could not produce evidence that any breach of duty by Delgado proximately caused Sprague's injuries.[1] In response, Sprague filed records of his diagnoses and treatments and the deposition testimony of Company's expert, Dr. John P. Obermiller. These records included MRI reports of Sprague's lumbar and cervical spine that describe the condition of various spinal discs including some herniations as well as the compression of nerves. Sprague also filed visit notes of his chiropractor that recite that Sprague said that a tire came out of the sky from a big tanker truck: and hit his car's hood, then knocked out his windshield. He also attached the following excerpt from the deposition of Dr. John P. Obermiller:

> Q. …. You put, "There is no objective clinical evidence to support an acceleration, aggravation or otherwise term understand the worsening of any condition due to the accident." And why do you say that?
>
> A. Well, I say that based on the physical exams in the medical record. There was no objective evidence to indicate that he had nerve compression or anything that showed acceleration, aggravation of these conditions.
>
> Q. Okay. Well, if you had a patient that came into your office and they had—they were asymptomatic, all of a sudden they're in a car accident, they have neck pain, they have numbness, pain, and tingling running down their arms, would you consider that as no longer asymptomatic, but symptomatic of a herniated disk in their neck?
>
> A. Well, I con- —consider it symptoms, but not necessarily of a herniated disk.
>
> Q. Could it be an aggravation of a preexisting herniated disk?
>
> A. It could be any of those, yes.

---

[1] This ground for summary judgment overlaps with and is inclusive of the basis of the second no-evidence motion addressed solely to whether Sprague could produce evidence of causation of his post-acute care needs.

Sprague noted that he designated several experts supporting that his injuries were caused by the collision, but he filed no evidence from those experts. Sprague also attached his responses to defendant's requests for disclosure, but a party's own discovery responses are not competent summary-judgment evidence unless the party affirms their truth in a deposition. *See Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000) (concerning party's interrogatory responses). We find no such affirmation in a deposition in the record.

Sprague produced no evidence that the collision with the tire caused the injuries for which he seeks recovery from Company. Expert medical evidence is required to prove causation of medical expenses unless competent evidence supports a finding that the conditions in question, the causal relationship between the conditions and the accident, and the necessity of the particular medical treatments for the conditions are within the common knowledge and experience of laypersons. *Guevara v. Ferrer*, 247 S.W.3d 662, 663, 665-67 (Tex. 2007). The supreme court posited that injuries like broken bones are within the common knowledge of laypersons. *Id.* at 667. Sprague asserts that a layperson can determine a causal relationship between a motor-vehicle collision and a spinal injury such as the disk herniation that he suffered, but courts have concluded that disc herniations are not within the general experience of laypersons. *See Williams v. Crawford*, No. 03-16-00696-CV, 2018 WL 1124306, at *10 n.9 (Tex. App.—Austin Mar. 2, 2018, no pet.) (mem. op.) (citing *City of Laredo v. Garza*, 293 S.W.3d 625, 632–33 (Tex. App.— San Antonio 2009, no pet.)). Sprague produced no expert testimony, affidavit, or other testimony regarding a causal link between the collision and his injuries. The MRI reports describe his condition, but do not ascribe causation. Dr. Obermiller's statement quoted above was in response to a hypothetical question and at most conceded that numbness, pain, and tingling arms following a car accident could be symptomatic of a herniated disc or aggravation of a preexisting herniated

6

disc; his statement, however, is no evidence that *Sprague's* injuries and damages were caused by Delgado's negligence. Neither do the chiropractor visit notes provide evidence of the required link. The list of treatments does not ascribe causation, and Sprague's statements assigning causation to the collision reported in the visit notes are his lay opinion, not that of a medical expert. The reported temporal link between the accident and Sprague's pain is not, without more, evidence that Delgado's alleged negligence caused Sprague's conditions and related damages and expenses. *See Guevara*, 247 S.W.3d at 667-68.

Causation is an essential element of the negligence claim through which Sprague asserts Company owes him benefits under his UIM policy. Because Sprague provided no evidence of causation in response to Company's no-evidence motion based in part on causation, we conclude that the trial court did not err by granting the no-evidence summary judgment. We overrule issues one and three with respect to the no-evidence summary judgment. Because that disposes of all of Sprague's claims, we need not consider the remaining issues concerning whether the trial court erred as asserted in granting the traditional motion for summary judgment or the no-evidence motion for partial summary judgment. *See* Tex. R. App. P. 47.1.

## CONCLUSION

We affirm the trial-court judgment.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Affirmed

Filed: November 18, 2021

7